## McKNIGHT v. UNITED STATES.

### (Circuit Court of Appeals, Sixth Circuit. February 10, 1902.)

1. CRIMINAL LAW—WRIT OF ERROR—STAY OF PROCEEDINGS—BAIL.

    Under Rev. St. § 1007, providing that a writ of error, when granted within 60 days after the rendition of the judgment complained of, or afterwards, with the permission of a judge of the appellate court, shall operate as a supersedeas, and under rule 38 of the circuit court of appeals (31 C. C. A. cviii., 90 Fed. cviii.) such writ, in the case of a conviction of a crime not capital, stays execution, but such stay of proceedings does not involve the question as to whether, pending the writ of error, defendant shall be detained or go at large on bail.

2. SAME—POWER OF COURT.

    Under the act to establish the circuit court of appeals (26 Stat. 829), section 11, providing that all provisions of law in force regulating appeals or writs of error, including provisions for bonds or other securities, shall regulate such proceedings in that court, and rule 38 of such court, the court has the power, and it is generally its duty, to admit to bail, after conviction of a crime not capital, pending a writ of error.

3. SAME—APPLICATION FOR ADMISSION TO BAIL.

    Where defendant was convicted of embezzling funds of a national bank, and the trial court refused to admit him to bail pending a writ of error, in the absence of some great urgency, a further application for admission to bail should be made to the appellate court.

4. SAME—TIME.

    Where one convicted of crime is admitted to bail pending a writ of error, the bail should be allowed for a time only sufficient to insure the filing of the transcript in the court of appeals within a reasonable time, reserving the question of further bail until the lapse of the time thus fixed.

5. SAME—THIRD CONVICTION.

    The fact that defendant has been tried and convicted three times on the same indictment for embezzling funds of a national bank is not sufficient ground for denying bail pending a third writ of error.

On Application for Bail Pending Writ of Error.

See 111 Fed. 735.

W. C. P. Breckinridge, A. E. Richards, and A. G. Ronald, for plaintiff in error.

R. D. Hill, U. S. Atty., for the United States.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge. The plaintiff in error has been convicted under an indictment charging embezzlement of funds of a national bank. After writ of error allowed and citation served, he applied to the court below for bail, pending his writ of error, but bail was refused him. Application was then made for bail to one of the members of this court, who, preferring that the application should be made to this court, suggested to the trial judge the propriety of admitting the petitioner to bail until such time as this court might have opportunity to hear and determine an application from the plaintiff in error. Upon this suggestion the trial judge acted, and the plaintiff in error has been admitted to bail until February 12th next. He has now filed a petition praying to be allowed to stand upon bail pending his writ of error. Under the rules of this court, and in due course of procedure, the petitioner's bail must expire long before a hearing

upon his writ of error. In such circumstances it becomes necessary to determine whether he shall, pending his writ of error, be allowed to give bail for his appearance in the district court after the determination of his case in this court. The writ of error, when filed within 60 days of the judgment complained of, operates as a supersedeas or stay of proceedings; and a writ of error from this court to the circuit or district court, in the case of the conviction of a crime not capital, is a matter of right without giving any security. Section 1007, Rev. St.; In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 283, 15 Sup. Ct. 450, 39 L. Ed. 424; rule 38 of this court (31 C. C. A. cviii., 90 Fed. cviii.).

If the writ of error is not allowed until after the lapse of 60 days, it will equally operate as a supersedeas, provided the judge signing the citation shall so direct. But the stay of proceedings simply prevents the execution of the judgment of the trial court, and by no means involves the question as to whether pending the writ of error he shall be detained or go at large upon bail. Neither the power nor the general duty to admit to bail after conviction, and pending a writ of error, can be regarded as open, in view of the thirty-sixth rule of the supreme court, and the conclusions announced by that court in Hudson v. Parker, where Mr. Justice Gray, after a consideration of the statutory provisions in respect of bail, said:

"But, however it may be in a capital case, it is quite clear, in view of all the legislation on the subject of bail, that congress must have intended that under the act of 1891 (26 Stat. 827), in cases of crimes not capital, and therefore bailable of right before conviction, bail might be taken, upon writ of error, by order of the proper court, justice, or judge. And we are of opinion that any justice of this court, having power, by the acts of congress, to allow the writ of error, to issue the citation, to take the security required by law, and to grant a supersedeas, has the authority, as incidental to the exercise of this power, to order the plaintiff in error to be admitted to bail, independently of any rule of court upon the subject, and that this authority is recognized in the first paragraph of rule 36."

Rule 38 of this court is, in substance, rule 36 (31 C. C. A. cvii., 90 Fed. cvii.) of the supreme court. That this court has the power, by virtue of its jurisdiction over the proceedings in error, to admit to bail in criminal cases pending upon writ of error, is indisputable. The eleventh section of the act to establish circuit courts of appeals (26 Stat. 829) provides that:

"All provisions of law now in force regulating the methods and systems of review, through appeals or writs of error, shall regulate the method and system of appeals and writs of error, provided for in this act, in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, and any judge of the circuit court of appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively."

It follows from this broad power that this court, or its judges, may exercise, in aid of its appellate jurisdiction in criminal cases, the same powers in regard to the allowing of writs of error, or admission to bail pending a writ of error, which were formerly exercised in appellate criminal proceedings by the supreme court or its justices,

by virtue of the provisions of statutory law in force, or by implication from the grant of jurisdiction over proceedings in error. Rule 36, said the supreme court in Hudson v. Parker, "was so framed as to give effect to the appellate jurisdiction conferred by the act of 1891 in the manner most consistent with the provisions of the various acts of congress concerning the same matter." The same rule has been adopted by this court to give effect to the jurisdiction conferred upon it by the act of 1891, and by the act of January 20, 1897 (29 Stat. 492), withdrawing from the supreme court jurisdiction of criminal cases not capital, and conferring the same on this court. There seems to have been no disagreement in the supreme court in respect of the power of the supreme court to admit to bail in criminal cases pending on writ of error; for Mr. Justice Brewer, in his dissenting opinion, expressed his agreement with the assertion that the court "has power to admit to bail in criminal cases pending in error," though he deduced the power "to let to bail solely from the grant of jurisdiction over the proceedings in error," and differed with the majority in respect to the power of a single justice, not assigned to the circuit to which the writ of error issued. From whatever source the power comes it is clear that this court, as an appellate court, has the power to admit to bail pending a writ of error. The granting of the writ of error in itself stays the execution of the sentence of the trial court. Detention pending the writ is only for the purpose of securing the attendance of the convicted person after the determination of his proceedings in error. If this can or will be done by requiring bail, there is no excuse for refusing or denying such relief. This seems to be the view taken of the thing and policy of the statute of the United States; for in Hudson v. Parker, cited above, the court said:

"The statutes of the United States have been framed upon this theory: that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error."

The fact that bail has been refused by the trial judge, though not conclusive, is a fact which would make it more seemly, in the absence of some great urgency, that further application should be made to the appellate court, which, by virtue of its appellate jurisdiction, may properly be called upon to make all proper orders for the custody of the defendant pending the hearing of his writ of error. We quite agree with the counsel for the government, that all presumption of innocence is gone after conviction, and that proceedings resorted to for the mere purpose of delay should be discouraged. We do not, however, deem it wise, or in harmony with the humane principles of our law, that proceedings to review alleged error committed upon the trial of a defendant should be so far discouraged as to altogether deny the right to bail in that class of cases deemed bailable before conviction. That it should be made the interest of defendants, after conviction, to speed the hearing in the appellate court, we quite agree, and all unnecessary delays, due to the conduct of the defendant seeking a review, may well be discouraged by allowing bail for a time only sufficient to insure the filing of the transcript in the court

of appeals, reserving the question of further bail until lapse of the time thus fixed, when a new bond may be taken by the trial court on application to it, or by direction of the appellate court, for such time as the latter may prescribe. The district court denied bail upon the ground that this was the third trial and third conviction upon the same indictment. We cannot regard this fact a sufficient ground for denying bail during the pending of a third writ of error.

The application of the petitioner will be allowed on condition that he enter into bond in the same amount of the bond upon which he is now at large, conditioned to make his appearance in the district court for the Western district of Kentucky, at Louisville, on the first Wednesday in May, 1902, and from day to day thereafter until discharged from his obligation by a new bond or other order of that court. The bond to be executed may be approved by the court below or by any judge of that court.