UNITED STATES v. ST. JOHN.

(Circuit Court of Appeals, Seventh Circuit.    December 21, 1918.)

No. 2695.

1. BAIL ⟨⟩44—CRIMINAL PROSECUTION—RIGHT TO RELEASE ON BAIL PENDING PROCEEDINGS IN ERROR.

Under rule 34 of the Circuit Court of Appeals (235 Fed. xiv, 148 C. C. A. xiv) it is discretionary with the court or judge to accept bail from a defendant pending proceedings in error after conviction and sentence, although his right to bail is not the same as before conviction.

2. BAIL ⟨⟩49—PENDING PROCEEDINGS IN ERROR.

In cases where the granting of bail after conviction pending proceedings in error is opposed by the government, and no bill of exceptions has been settled, application should first be made to the trial judge.

3. BAIL ⟨⟩44—BAIL PENDING PROCEEDINGS IN ERROR.

Admission to bail denied to a defendant convicted of violation of the Espionage Law (Comp. St. 1918, §§ 10514a–10514d), pending proceedings in error.

Criminal prosecution by the United States against Vincent St. John and others. On application to a Circuit Judge by defendant St. John for bail pending proceedings in error. Denied.

Clarence Darrow, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne, of Chicago, Ill., and David S. Cook, of Salt Lake City, Utah, for the United States.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVAN A. EVANS, Circuit Judge. Defendant, together with some 100 others, was convicted on four counts of an indictment, each count charging conspiracy to violate the so-called Espionage Act (Act June 15, 1917, c. 30, 40 Stat. 231 [Comp. St. 1918, §§ 10514a–10514d]), and was sentenced to serve a term in the penitentiary. He has sought and secured a writ of error, and now seeks to be enlarged on bail pending the hearing of his writ of error by the Circuit Court of Appeals.

[1] That a judge of this court may grant bail pending the hearing on a writ of error, in a proper case, is recognized by rule 34 of this court (235 Fed. xiv, 148 C. C. A. xiv) which reads as follows:

"2. Where such writ of error is allowed in the criminal cases aforesaid, the Circuit Court or the District Court before which the accused was tried, or the District Judge of the district wherein he was tried, within his district, or the Circuit Justice assigned to this circuit, or any of the Circuit Judges within the circuit, shall have the power, after the citation has been duly served, to admit the accused to bail and to fix the amount of such bail."

While assignments of error must be filed before any writ of error is allowed (rule 11, C. C. A., 150 Fed. xxvii, 79 C. C. A. xxvii), there is no requirement that the bill of exceptions shall be settled prior to the issuance of the writ. Paragraph 2 of rule 34 contemplates the issuance of the writ of error prior to any enlargement on bail. In the present case, while assignments of error have been filed and the writ of error issued, there has been presented no transcript of the testimony and no bill of exceptions.

The government opposes defendant's motion for bail on the ground that there is no bill of exceptions from which the court can determine whether the assignments of error are well supported by the record.

An examination of the authorities warrants the conclusion that the right of the defendant to bail prior to conviction is quite different from his right after conviction and sentence. Prior to a verdict of guilty, defendant is presumed innocent. The return of the indictment against him is not even prima facie evidence of guilt. It creates no presumption against him, and he is, excepting, perhaps, in a few offenses covered by legislation, entitled to bail as a matter of right. In many states a defendant's right to bail prior to conviction is safeguarded by constitutional provisions, and, where neither statutory nor constitutional provisions are found, bail is allowed under the common-law rule, it being a matter of discretion with the court. In re Thomas, 39 L. R. A. (N. S.) 754, notes.

But defendant stands in a different position after conviction. In fact, in some states it has been considered necessary to enact legislation conferring power upon courts to allow bail after conviction and sentence. In the federal courts this power has been given by a rule of the Supreme Court. See United States v. Simmons (C. C.) 47 Fed. 575. In this court a similar rule (34) has been adopted.

Aside from any authorities, it must be apparent that, inasmuch as bail is allowed almost as a matter of course before conviction, largely because of the presumption of innocence which prevails in defendant's behalf, a different practice should prevail where the reason for the

rule disappears. After conviction and sentence, the burden is upon the convicted party to show error in the conviction.

However, in view of the fact that bail is granted in the discretion of the court, not alone because of the existence of this presumption of innocence, courts have, with great liberality, allowed defendants to be enlarged on bail notwithstanding conviction. Considerations affecting the determination of this question are severity of the punishment, the nature of the offense of which the defendant stands convicted, the health of the prisoner, the character of the evidence, the good faith back of the assignments of error, the public welfare, the conduct of the accused after indictment and up to and including the time of his sentence, as well as many other matters.

In fact, bail has been so frequently granted after conviction that an erroneous impression has obtained with the bar that it is allowed as a matter of right. A few authorities, therefore, might well be examined. In 3 Ruling Case Law, p. 15, we find the following:

"After conviction, no constitutional right to bail exists and the granting of bail rests in the sound discretion of the court. In cases of misdemeanor this discretion is exercised freely in favor of bail, but in felonies bail is allowed with great caution, and only where the peculiar circumstances of the case render it right and proper."

In 6 Corpus Juris, p. 965, we find the following statement supported by many authorities:

"As a general rule, the conviction of the accused does not deprive the court of the power to admit him to bail pending an imposition of sentence; but its allowance continues a matter of judicial discretion until the accused is finally committed in execution; and in some jurisdictions this power is expressly regulated by constitutional or by statutory provisions. There is, however, no constitutional right to bail after conviction; and, although in cases of misdemeanor this discretionary power is exercised freely in its favor, in cases of felonies bail after conviction should be allowed with great caution and only where the extraordinary or peculiar circumstances of the case render it right and proper."

To the same effect, see 5 Cyc. 72.

In the federal courts we find the right to bail after conviction early recognized. In United States v. Simmons (C. C.) 47 Fed. 577, the court says:

"Were it not for rule 36 of the Supreme Court [32 Sup. Ct. xiii] of the United States, it might well be argued that no bail should be accepted from a person already convicted and under sentence to be imprisoned for a term of six years."

In Re Schriber, 19 Idaho, 531, 114 Pac. 29, 37 L. R. A. (N. S.) 693, the appellate court considered a situation where the trial court refused to enlarge the defendant after conviction. I quote from the opinion:

"It would, certainly be disastrous if we should hold that this provision of the Constitution grants to a person convicted of crime the absolute right to be admitted to bail pending appeal, irrespective of the merits of the case. * * * For some reason the judge subsequently concluded that he should no longer be admitted to bail. * * * We would not feel justified in interfering with the discretion of the trial judge under the facts and circumstances as they present themselves to us in this petition. * * * We are

not familiar with the situation and the circumstances of the petitioner, and we think that is a matter with which the trial judge can deal more justly and wisely. He is familiar with the parties and their ability to give bail, and also knows the facts surrounding the commission of the offense for which he was convicted."

Extended notes appear in the report above referred to, as well as in the case of In re Thomas, supra.

Whether the court properly traces its authority to the Supreme Court rule or not is immaterial. Federal courts have exercised unhesitatingly the power to admit to bail defendants convicted and sentenced. In Ex parte Harlan (C. C.) 180 Fed. 119, 135, the question is considered at some length. I quote therefrom:

"It is needless to say that there is no constitutional right to bail in any case, after conviction. After all that has been said and written on the subject, the only rule which can be deduced from the authorities is that bail should be granted or denied, as best effects exact justice between the government and the defendant according to the character and urgencies of the instant case, determined in the light of the principles of the common law as affected by the enactments of Congress. It is due to social order and proper regard for the majesty of the law, that a sentence, especially when affirmed by an appellate court, should be executed without undue delay, and courts should be careful not to give countenance to factious resistance to the orderly operation of the law by lightly admitting a convicted prisoner to bail. On the other hand, it is also to be borne in mind that the law is quick to afford opportunity and means to the citizens to redress wrongs at its hands, and delighting as it does, in the liberty of the citizen, will not, except in rare instances, compel the prisoner to undergo sentence before the final court has spoken, when he is honestly pursuing legal means to avoid a conviction."

See, also, Rose ex rel. Carter v. Roberts, 99 Fed. 952, 40 C. C. A. 203.

In the present case the trial was concluded about August 17. Defendants were sentenced on August 30. A large number of defendants were joined in the indictment and most of them are serving their sentences in the penitentiary. Defendant St. John claims that his business interests will suffer if he be not enlarged on bail. His excuse for not presenting the bill of exceptions or the transcript of the record is that the trial was so long (the taking of testimony covering some 85 days), so many exhibits were offered, that it has been impossible to prepare the bill of exceptions within the last 3½ months or to get it ready for settlement.

The absence of the bill of exceptions in the present case only emphasizes what, in my mind, is essential to the intelligent disposition of this or any similar motion. The judge who heard the case knows the attitude of each of the defendants, observed them throughout the trial and particularly while on the witness stand, understands the nature and the character of the offense, the reasonableness of defendant's claim of innocence, the strength or weakness of the government's case, the possibility of injury to defendant by reason of confinement pending the disposition of the writ of error, as well as the injustice to the public, if any, should the defendant be enlarged, and is therefore best qualified to determine whether defendant should be admitted to bail, as well as the amount of the bail.

[2] To illustrate this court's difficulties: Defendant asserts, and the

government denies, that error was committed in the trial of the case. Defendant asserts that he had no part in the conspiracy charged and that he was not even a member of the organization commonly called the I. W. W. This claim the government denies, and asserts that defendant was one of the leading officers of the organization and an actor who played a leading role in the conspiracy. Defendant assigns error because of the alleged unlawful seizure of papers, but this court is at a total loss to know whether any papers (seized lawfully or unlawfully) belonged to, or were in the custody of, the defendant St. John. It appears to me that in all cases where the granting of bail is opposed by the government, and there is no bill of exceptions settled, the District Judge who heard the case should first be given the opportunity to hear the request and judicially exercise his discretion in the matter. His conclusion would be much more intelligent than mine and doubtless controlling on review.

There is danger lurking in the too liberal exercise of the power to admit to bail as well as in the arbitrary refusal to grant bail. Too frequently, after the defendant has been admitted to bail, his interest apparently lags, the appeal drags, the bill of exceptions is not promptly settled, and the record does not reach the appellate court as promptly as it should. There are inexcusable delays in securing the printing of the transcript—more delays in printing and serving the briefs.

The present rules of the Circuit Court of Appeals invite a very early disposition of any appeal or writ of error prosecuted in good faith and with vigor. There are three annual sessions of the court— October, January, and April. Causes may be advanced or set down specially. Writs may be heard without the testimony being printed. The clerk is able to print transcripts of great length in less than a week, while any brief of reasonable length will be printed in a day. Orders may be obtained dispensing with the printing of exhibits. In a word, the rules and the practice of the court combine to accomplish the purpose of assisting the litigants to an early disposition of their cases. Court reporters are obtainable who will provide daily transcripts of testimony, and bills of exceptions can be presented almost on the day the verdict is received.

Frequently the delays in these cases are due to the desire of the parties to avoid a hearing rather than to any other cause. In the present case, no application for bail has been made to the judge who tried the case since the assignment of errors has been filed. The offenses of which this defendant and others have been found guilty are serious and menacing to the public. Defendant has been tried and presumably lawfully convicted. The interest of the public demands the execution of the sentence unless some special reasons be shown for defendant's enlargement.

[3] Realizing that defendant is entitled, under the rules above quoted, to a determination of his application on its merits by a judge of this court, I have studied the record and such facts as do appear, and my conclusion is not clouded in doubt. While the transcript of testimony of the trial is not before me, I am favored with a full statement of the case made by the District Judge when sentence was pronounced

This statement shows that acts were committed, and a policy pursued. by many members of the organization known and referred to as the I. W. W. that were wholly at variance with the policy of this government during the war, and equally hostile to the welfare of people and industries entirely free from blame or responsibility for this country's part in the war. In large sections of the country, members of this organization not only attempted to cripple business, but to a certain extent, at least, accomplished their object. Certainly members of the organization known as the I. W. W. are not in an enviable position to urge the impairment of their property rights now, in view of their attitude towards property during the past year. Whether defendant participated in this conspiracy—whether this defendant, or any defendants, were fairly convicted of this crime—are questions that each one has the right to present and the right to have fully and fairly determined. But the court cannot and should not ignore this statement of the District Court in determining whether bail should be allowed pending the determination of these questions.

Upon the entire showing, I conclude the request for bail should be and is hereby denied.