### GARVEY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. July 24, 1923.)

Bail ⬦49—Admission to bail after conviction and pending review is discretionary.

An application by a defendant, after conviction and sentence, for admission to bail pending review on error, is addressed to the sound discretion of the judge, and where made to a judge of the appellate court the prospect of success in the prosecution of the writ of error, as appears from the record, may be considered.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Marcus Garvey. On application by defendant for admission to bail. Denied.

Kohn & Nagler, of New York City, for the motion.
Wm. Hayward, U. S. Atty., of New York City, opposed.

Before MANTON, Circuit Judge.

MANTON, Circuit Judge. The defendant has been convicted on the third count of an indictment charging a violation of section 215, United States Criminal Code (Comp. St. § 10385). Two indictments were found against him and other defendants. Each contained 11 counts. All other defendants were acquitted. He was denied bail on his application to the trial judge. He then applied to the senior Circuit Judge of this circuit and his application was denied "without prejudice." This may be assumed to be without prejudice to another application to another Circuit Judge, since the court is now in recess.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The trial was long and the defendant's innocence proclaimed through the defendant acting as his own counsel in large part. His conviction brands him as guilty of a conspiracy with one or more unknown and unmentioned conspirators in using the mail in a scheme to defraud. Many errors are assigned in his writ of error sued out and allowed. His prayer for bail now is supported by his own lengthy affidavit, supported by affidavits of lawyers who have known him and also his fellow workers and officers of the Universal Negro Improvement Association, of which the defendant is president. The government submit affidavits in opposition.

In Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, the Supreme Court announced, speaking through Justice Gray, that the statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error. In McKnight v. United States, 113 Fed. 451, 51 C. C. A. 285, the Circuit Court of Appeals of the Sixth Circuit granted bail pending the hearing and determination of the appeal, holding that in the case of a conviction of a crime not capital, where a writ of error is allowed, bail must be granted pending the appeal as a matter of right. In a more recent case of United States v. St. John, 254 Fed. 794, 166 C. C. A. 240, the Seventh Circuit pointed out that, aside from any authorities, bail is allowed almost as a matter of course before conviction, largely because the presumption of innocence prevails, but that the reason disappears after conviction and sentence, for then the burden is upon the convicted party to show error in the conviction, and the court held that granting bail after conviction is a matter of judicial discretion. The matter of bail has been considered by the Second Circuit and refused in recent years after application to the full court. See United States v. Chas. W. Morse (May 10, 1908, no opinion); United States v. Lubam (Jan. 17, 1921, no opinion); United States v. Brewer (May 10, 1921, no opinion). It may therefore be considered that this court is in accord with United States v. St. John, of the Seventh Circuit.

In Hudson v. Parker, Associate Justice White, of the Supreme Court, granted bail, pending an appeal after conviction. When the appeal bond was submitted to the District Judge for his approval, he refused to approve it. The Supreme Court was then petitioned to for a writ of mandamus directing the District Judge to approve the bond, and the writ was ordered. Apparently in the Second and Seventh circuit the language of the Supreme Court in that case, that "the statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but *may be* admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error," has been construed to mean the power to grant bail resides in the judge, but the right to bail is addressed to the exercise of sound discretion.

The theory of the purpose of bail pending appeal is not different than that given before conviction; it is to insure the presence of the accused when wanted to answer the charge, and to make amends to society by service of the imprisonment imposed. It of course insures the innocent against the injustice of any imprisonment in the event of an eventual acquittal of the charge. Considering the merits of the application as addressed to the exercise of discretion, I must eliminate much irrelevant matter as to the fear of the failure of the defendant to respond when wanted, based on hearsay and anonymous letter writing. Indeed, the defendant has had similar threats to that made against the lives of the judge and prosecutors, as his affidavits and attached exhibits illustrate. Nothing is shown which connects the defendant with sending such letters, and there is not one scintilla of proof showing his connection with a killing in New Orleans. Statements, purporting to come from him, that he would not serve a day of imprisonment, are harmless, and may mean merely his boast of innocence. All this should not militate against him, if he has a reasonable chance of success upon his appeal. What ought to be weighed for or against him is the prospect of success in prosecuting his writ of error.

I must assume that counsel has presented what he deems his best points in calling my attention to the errors committed at the trial. I have read such testimony as has to do with the receipt of the letter referred to in the third count, upon which the conviction was had, and, having in mind counsel's claims of error in regard to it, I am convinced at this time that reasonable doubt does not exist as to this constituting error. I have not been furnished all the testimony, but such as I have examined, together with a consideration of the assignment of errors, has convinced me that no reasonable doubt exists as to the rulings of the court below, as now presented—at least such as would at this time call for the exercise of a sound discretion to admit to bail.

The application for release on bail pending the appeal is denied.