### HANES v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 16, 1924.)

#### No. 4154.

Bail ⟐⊸64—Supersedeas given by defendant sentenced to imprisonment does not operate as bail bond.

 A supersedeas bond, given under Rev. St. § 1000 (Comp. St. § 1660), by a defendant sentenced to fine and imprisonment, on allowance of a writ of error, is wholly distinct from an admission to bail, and, while it stays execution of the sentence, it does not operate to release the defendant from custody, unless so conditioned as a combination of supersedeas and bail bond, nor does failure to give a supersedeas bond preclude admission to bail.

⟐⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Ernest Hanes. On application by defendant for admission to bail. Matter certified to District Court, with request to grant application.

Garrison & Phillips, of Toledo, Ohio, for plaintiff in error.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Geo. E. Reed, Asst. U. S. Atty., of Toledo, Ohio.

Before DENISON and DONAHUE, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. In the District Court for the Western Division of the Northern District of Ohio Hanes was convicted of conspiracy, and sentenced to two years in the penitentiary and to pay a $10,000 fine. The District Judge allowed a writ of error and fixed the penalty of a supersedeas bond, to be conditioned to appear and surrender, and to pay the find if the judgment were affirmed, at $12,500. Hanes professed inability to give this bond, whereupon the court ordered that he might give a bond for costs only, and not as a supersedeas; the penalty of such bond to be $500. This Hanes gave. The citation was signed, and the return to this court has been made. After remaining in jail for about 30 days, Hanes was committed to the penitentiary, where he now is. He applies to this court to allow a supersedeas, or to admit him to bail, pending the writ of error.

If, after the opinion of this court in Hardesty v. U. S., 184 Fed. 269, 106 C. C. A. 411, any question of the power of the District Judge to require a bond to secure the payment of the fine as a condition of allowing supersedeas remains open, under such circumstances as here exist, we need not decide it. The power to admit to bail under our rule 12 (2), after perfection of a writ of error, is wholly distinct from the power to allow supersedeas under R. S. § 1000 (Comp. St. § 1660). Supersedeas necessarily stays the execution of a penitentiary sentence; but its allowance, with nothing more, does not necessarily mean release from custody pending a review. Even when supersedeas is allowed, plaintiff in error, convicted and sentenced to imprisonment, stays in jail, not in the execution of the sentence, but as one awaiting trial, unless he is set at large by a proper admission to bail, which may be, as is very common, by a suitable combination of supersedeas bond and bail bond with appropriate orders, or may be by independent admission to bail, or by due continuation of existing bail.

We have no occasion now to pass upon the question whether the right to bail, in noncapital cases, is absolute, even after conviction, as has been thought from the decision of the Supreme Court in Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, and of this court in McKnight v. U. S., 113 Fed. 451, 452, 51 C. C. A. 285, or is to be denied "in rare instances," as is held in the Second and Seventh Circuits (Garvey v. U. S., 292 Fed. 591; U. S. v. St. John, 254 Fed. 794, 166 C. C. A. 240). There is no showing here of any extraordinary circumstances that would justify refusal to allow bail, upon an application duly made. These papers indicate that Hanes' counsel did not appreciate the distinctions involved as between supersedeas and bail, and did not intentionally waive the right to the latter. We are clear

that bail should be allowed, and the present application was appropriately made to this court, as the record is here; but the District Court is better able to determine the proper amount of a bond fitted to secure Hanes' appearance. .

Accordingly the papers upon this application and a copy of this memorandum, will be forthwith certified to the District Court, with the request that it dispose of the matter as if the application had been made to it.