### BERNACCO et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1924.)

No. 6695.

1. **Criminal law ⬸1084—Supersedeas merely prevents execution of judgment.**
Supersedeas of judgment of conviction merely prevents execution of judgment, and does not involve question whether, pending writ of error, accused shall be detained or go at large on bail.

2. **Bail ⬸42—Allowance of bail after conviction is within trial court's discretion.**
At common law and under Rules of Circuit Court of Appeals of the Eighth Circuit, rule 35, par. 2, allowance of bail after conviction is within judicial discretion.

In Error to the District Court of the United States for the Eastern District of Missouri.

Tony Bernacco and another were convicted of a crime and sentenced to fine and imprisonment. On motion for supersedeas and application for bail. Application for bail was denied by trial court, and defend-

ants bring error. Supersedeas of judgment allowed, and application for bail denied.

T. J. Hoolan, of St. Louis, Mo., for plaintiffs in error.

Carroll W. Harlan, Asst. U. S. Atty., of St. Louis, Mo.

Before STONE and KENYON, Circuit Judges.

PER CURIAM. [1] This is a "motion for supersedeas" by plaintiffs in error, who stand convicted and sentenced to fine and to imprisonment. A supersedeas of the judgment of conviction "simply prevents the execution of the judgment of the trial court, and by no means involves the question as to whether pending the writ of error he shall be detained or go at large upon bail." McKnight v. United States, 113 Fed. 451, 452, 51 C. C. A. 285, 286. The important thing sought here is allowance of bail. The supersedeas of the judgment may be allowed. The allowance of bail will be considered more at length. Writ of error to this court has been perfected and the transcript filed herein without delay. Application for bail was denied by the trial court.

The position of plaintiffs in error is (a) that a writ of error in a criminal case operates as or entitles the plaintiff in error to release upon proper bail bond as a matter of right; (b) that, if the granting of such bail release is discretionary with the court, such discretion requires that it be granted in this instance.

[2] (a) The court is clear that the allowance to bail *after* conviction is not an absolute right, but entirely within the exercise of a sound judicial discretion. This was true at common law. 6 C. J. 954; 3 R. C. L. 5. This is the rule in federal courts. Garvey v. United States (C. C. A.) 292 Fed. 591; United States v. St. John, 254 Fed. 794, 166 C. C. A. 240; Ex parte Harlan (C. C.) 180 Fed. 119, 135; United States v. Simmons, 47 Fed. 723, 14 L. R. A. 78. Also see Ex parte Green (D. C.) 165 Fed. 557; McKnight v. United States, 113 Fed. 451, 51 C. C. A. 285; United States v. Devlin, Fed. Cas. No. 14,955; Lee's Case, Fed. Cas. No. 8,180. McCourt v. Singers-Bigger, 150 Fed. 102, 80 C. C. A. 56 (this court), is not pertinent, as it was a civil appeal. Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, is not in any way opposed either as to decision (which was upon other matters) or as to expressions in the opinion. Rule 35, par. 2, of this court is that the Circuit Justice, a Circuit Judge, or the District Court "shall have power" to admit to bail after perfection of writ of error—not *must* so admit to bail.

(b) The court has very carefully examined this entire record and the circumstances and facts pertinent to the allowance of bail. It is of the opinion that the exercise of a sound judicial discretion requires denial of the bail sought.

Supersedeas of the judgment will be allowed and the application for bail denied.