## HOWELL v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1926.)

1. Bail ⬅️ 49—Criminal law ⬅️ 1084—Writ of error operates as supersedeas, requiring prisoner's return to custody of District Court, to which his application for bail will be remitted.

Writ of error in noncapital criminal case is matter of right, without security, and, if filed within 60 days, operates as supersedeas, under Rev. St. § 1007 (Comp. St. § 1666), and prisoner must be released from penitentiary and returned to custody of District Court, to which his application for bail will be remitted.

2. Criminal law ⬅️ 1080, 1131(4)—On belief writ of error is for delay, extension of time for return denied, and motion to dismiss entertained.

If District Court and district attorney believe that writ of error is for delay only, any extension of time for return may be denied, and after 30 days, if return has been made, Circuit Court of Appeals will hear summarily, without printing record, a motion to dismiss writ as frivolous, or, if there is no return, a motion to docket and dismiss.

C. W. Howell was convicted of a felony, and sentenced to the penitentiary, and, pending the hearing on his writ of error, he ap-

plies for bail. Matter remitted to District Court.

Thomas J. Walsh, of Memphis, Tenn., for plaintiff in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Howell, convicted of a felony and sentenced to the penitentiary, was immediately imprisoned therein. Later, and within 60 days, a writ of error from this court was duly allowed, issued, and filed. He now applies to us for bail, pending the hearing.

[1, 2] In McKnight v. United States, 113 F. 451, 452, 51 C. C. A. 285, in an opinion by Judge Lurton, this court distinctly held that a writ of error in a criminal case not capital is a matter of right, without giving security, and that, if filed within 60 days, it operates as a supersedeas. R. S. § 1007 (Comp. St. § 1666). The provision for security is obviously inappropriate to a criminal case, unless perhaps as to a fine imposed. Hanes v. U. S. (C. C. A. 6) 299 F. 296. The distinctions between supersedeas and bail are pointed out in the McKnight and Hanes Cases. See, also, U. S. v. Shaffer (D. C. Wash.) 278 F. 549.

The apprehension expressed to us that there will be long delays from frivolous writs of error, if the District Courts may not in their discretion refuse supersedeas, is not well founded. A writ of error may be allowed, issued, and filed forthwith upon the sentence. No bill of exceptions is at that stage necessary. True, assignments of error are simultaneously required, but counsel, with any substantial complaint, can draft assignments at once directed thereto. If, later, he desires to elaborate or perfect them with the aid of the completed transcript, we permit amendments for that purpose, if reasonably necessary. If the District Judge and district attorney believe a writ of error to be for delay only, any extension of time for return may be denied, and after 30 days, if return has been made, we will hear summarily, without printing the record, a motion to dismiss the writ as frivolous, or, if there is no return, a motion to docket and dismiss.

Howell must be released from the penitentiary and returned to the custody of the District Court. This disposition of the present situation we remit to that court, and until the District Judge has acted thereon we prefer not to consider the matter of admitting Howell to bail or keeping him in jail. If the District Judge should refuse bail, we might then be brought to consider further the question discussed in the cases cited in the Hanes Case.