## UNITED STATES v. MOTLOW et al.

(Before Mr. Justice Butler, of the Supreme Court, Sitting as Circuit Justice in the Circuit Court of Appeals for the Seventh Circuit. February, 1926.)

**1. Bail ⊙⟶47—Where writ has been issued and citation served in criminal case, Circuit Justice, who is member of Circuit Court of Appeals reviewing case, is authorized to fix and allow bail.**

Where the writ has been issued and citation has been served in a criminal case, the Circuit Justice, who is a member of the Circuit Court of Appeals to which the case is taken for review, is authorized to fix and allow bail.

**2. Bail ⊙⟶47.**

Power to grant bail is attended by duty to hear applications therefor.

**3. Bail ⊙⟶52 — Eighth Amendment, providing that excessive bail shall not be required, safeguards right to bail, at least before trial, and is intended to prevent denial of bail by fixing amount thereof unreasonably high.**

The provision of the Eighth Amendment that "excessive bail shall not be required" safeguards the right to give bail, at least before trial. The purpose is to prevent the practical denial of bail, by fixing the amount so unreasonably high that it cannot be given.

**4. Bail ⊙⟶44—Persons convicted of conspiracy to violate National Prohibition Act held entitled to bail pending review (Circuit Court of Appeals rule 32; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]; Judicial Code, §§ 119–122 [Comp. St. §§ 1111–1114]; Rev. St. §§ 1007, 1014, 1015, 1016 [Comp. St. §§ 1666, 1674, 1679, 1680]; Const. Amend. 8; Act Feb. 13, 1925, § 8, subd. "c" [Comp. St. Supp. 1925, § 1126b]; Ordinance July 13, 1787, art. 2 [Comp. St. 1918, p. 6]).**

Persons convicted of conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). who petitioned for writs of error on very day that sentences were imposed. though, under Act Feb. 13, 1925, § 8, subd. "c" (Comp. St. Supp. 1925, § 1126b), they had three months therefor, and in application for bail stated that their assignments of error were made in good faith on assurance of counsel that they were well founded, *held* entitled to bail pending determination of Circuit Court of Appeals, in view of Circuit Court of Appeals rule 32, Judicial Code, §§ 119–122 (Comp. St. §§ 1111–1114), Rev. St. §§ 1007, 1014, 1015, 1016 (Comp. St. §§ 1666, 1674, 1679, 1680), Const. Amend, 8, and Ordinance July 13, 1787, art. 2 (Comp. St. 1918, p. 6).

**5. Bail ⊙⟶42—Appeals may be discouraged by right exercise of discretion as to bail, and proper exercise of discretion is never arbitrary, fanciful, or capricious, but is governed by reason and law applicable to cases under consideration.**

Judges may do much to discourage appeals taken on frivolous grounds, merely for delay, by appropriate exercise of their discretion within established lines in granting or withholding

bail, as suggested by the Conference of Senior Circuit Judges held in June, 1925. But the proper exercise of judicial discretion is never arbitrary, fanciful, or capricious; it is deliberate, and governed by reason and the law applicable to the cases under consideration.

**6. Bail ⊙⟶44.**

Applicants for bail pending review of conviction are not required to show that they are entitled to a reversal.

**7. Bail ⊙⟶49—Refusal of bail, after conviction by trial judge and two circuit judges, should be considered but not allowed to control on subsequent application.**

Refusal of bail, after conviction by trial judge and by two circuit judges, on further application should be thoughtfully considered but not allowed to control a just exercise of discretion in determining application.

One Motlow and thirty-eight others were charged with conspiracy to violate the National Prohibition Act. After conviction, Harry Levin and nine others petition for bail pending review of said conviction. Writs of error to take the case to the Circuit Court of Appeals for the Seventh Circuit have been allowed. Bail granted.

T. J. Rowe, Henry Rowe, William Baer, and Charles A. Houts, all of St. Louis, Mo., Thomas Pogue, of Cincinnati, Ohio, Moses B. Lairy, of Indianapolis, Ind., A. Julius Frieberg, of Cincinnati, Ohio, and Levi Cooke, of Washington, D. C., for petitioners.

Albert Ward, U. S. Atty., of Peru, Ind., and Howard T. Jones and Mahlon D. Kiefer, Sp. Asst. Attys. Gen., for the United States.

BUTLER, Circuit Justice. In the matter of the petitions of Harry Levin and nine other defendants to be admitted to bail.

February 3, 1926, there was presented to me, as Circuit Justice of the Seventh circuit, the petitions for Harry Levin, Morris Multin, Michael Whalen, Daniel O'Neil, Robert E. Walker, John Connors, Anthony Foley, Edward J. O'Hare, George R. Landon, and William Lucking, to be admitted to bail. Their respective attorneys, T. J. Rowe, Esq., Henry Rowe, Esq., William Baer, Esq., Charles A. Houts, Esq., Thomas Pogue, Esq., Moses B. Lairy, Esq., A. Julius Frieberg, Esq., and Levi Cooke, Esq., appeared in support of the petition. Notice having been given, Albert Ward, Esq., United States attorney for the district of Indiana, and Howard T. Jones, and Mahlon D. Kiefer, Esq., special assistants to the Attorney General, appeared in opposition.

October 31, 1925, in the United States

District Court for the District of Indiana, an indictment was returned against thirty-nine persons, including the petitioners. It charged that the defendants conspired with each other and with divers other persons, whose names were unknown, to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and particularly section 3 of title 2 thereof (section 10138½aa, Comp. St. Ann. Supp. 1923). Overt acts were alleged to have been committed in Ohio, Indiana, and Missouri. On the return of the indictment, petitioners appeared and were admitted to bail. The trial commenced on December 14, 1925, and ended on the 18th day of that month. Petitioners were found guilty. After the verdict, they were allowed to remain at large on bail until December 30, 1925. On that day, they made motions for a new trial and in arrest of judgment. The motions were denied, and they were sentenced to the penitentiary at Leavenworth, and to pay fines, as follows:

| Name. | Terms of Imprisonment. | Fine. |
|---|---|---|
| Harry Levin | 2 years | $5,000 |
| Morris Multin | 2 years | 5,000 |
| Michael Whalen | 2 years | 5,000 |
| Daniel O'Neil | 15 months | 500 |
| Robert E. Walker | 15 months | 1,000 |
| John Connors | 15 months | 1,000 |
| Anthony Foley | 15 months | 1,500 |
| Edward J. O'Hare | 1 year and 1 day | 500 |
| George R. Landon | 1 year and 1 day | 2,500 |
| William Lucking | 1 year and 1 day | 2,500 |

On the same day, in order to take the case to the Circuit Court of Appeals for review, petitioners filed assignments of errors and petitions for writs of error. The writs were allowed, and citations were issued and served. Thereupon, petitioners applied to the District Court for bail pending a determination of the case in the Circuit Court of Appeals. The application was denied. In execution of the judgment, petitioners were committed to the penitentiary, and, pursuant to the sentences imposed, they are now there imprisoned.

Petitioners insist that, by the proceedings after the verdict, the judgments were superseded, and that, as a matter of legal right, each of them was entitled to an order of supersedeas and also entitled to be admitted to bail. They state that their assignments of errors are made in good faith and upon assurance of counsel that they are well founded in law. Applicants challenge the jurisdiction of the trial court, the competency of certain witnesses called by the government, the admissibility of some evidence introduced against them, and a part of the court's charge to the jury; and, in behalf of Landon and Lucking, it is earnestly claimed

that, as a matter of law, the evidence was not sufficient to justify or sustain a verdict against them. Petitioners represent that they are proceeding with diligence to secure an early review of the case, and they say that they did not delay the trial; that, being on bail, they attended the trial as required, and made no attempt to escape or to evade any order of the court after conviction; that each of them has a fixed place of abode, and has been engaged in business in St. Louis; that none of them has ever been a fugitive from justice; and that each is able to give a bond in such reasonable amount as may be required. They aver, on information and belief, that it will require approximately a year to obtain decision in the Circuit Court of Appeals, and that, if bail is denied, the petitioner O'Hare, sentenced for one year and a day—deducting the allowance for good behavior—will have served his term before his writ of error can be determined, that the petitioners under sentence of 15 months will have served substantially all their time, and that those under sentence of 2 years will have served two-thirds of their sentences before such determination.

At the hearing, February 3, on this application, oral objections were made on behalf of the United States; and the United States attorney stated that, after denial of bail by the District Court, the petitioners on the next day, December 31, 1925, applied to the Circuit Court of Appeals to be admitted to bail, and that the application was denied. Time not to exceed 10 days was granted to enable him to present a copy of the record and papers in that court, together with a transcript of the minutes, if any were taken, of the hearing there had.

On February 13, the United States attorneys presented written objections, in substance, as follows: (1) The granting of bail is addressed to the discretion of the trial judge; (2) the application for bail was denied by the trial judge and later by two Circuit Judges; (3) the petitioners have not shown that the District Judge or Circuit Judges abused their discretion; (4) in the absence of a transcript or bill of exceptions, the discretion of the District Judge and Circuit Judges cannot be reviewed; (5) after conviction, every presumption is against the defendants, and decisions of the District Court upon discretionary matters should not be interfered with; (6) the enforcement of the criminal law demands that bail pending appeal should be denied, where it is apparent to the trial court that conviction is proper, and appeal is prosecuted, not with the

hope of new trial, but on frivolous grounds merely for delay. The United States attorneys also presented a copy of a letter of February 6, 1926, of the United States attorney, Mr. Ward, to Circuit Judges Anderson and Page, and their answer, dated February 9, 1926. It appears that no application was ever made to the Circuit Court of Appeals, but, on the day after sentence was imposed, some of the defendants—and while it does not clearly appear, it may be assumed all the petitioners—did apply for bail to Circuit Judges Page and Anderson. The applications were denied. No papers were filed, no record was made, and no minutes of what was said at the hearing were taken. However, the letter of the United States attorney to the Circuit Judges and their answer gives an account of the hearing.

[1] Where a writ of error has been issued and citation has been served in a criminal case, the Circuit Justice is authorized to fix and allow bail. See sections 119, 120, 121, Judicial Code (Comp. St. §§ 1111, 1112, 1113). In the exercise of its power to establish rules and regulations for the conduct of the business of the court (section 122, Judicial Code [Comp. St. § 1114]), the Circuit Court of Appeals of the Seventh Circuit, by its rule 32, expressly declares:

"1. Writs of error from this court to review criminal cases tried in any District or Circuit Court of the United States within this circuit, may be allowed in term time or in vacation by the Circuit Justice assigned to this circuit, or by any of the Circuit Judges within the circuit, or by any District Judge within his district, and the proper security be taken, and the citation signed by him, and he may also grant a supersedeas and stay of execution or proceedings, pending the determination of such writ of error.

"2. Where such writ of error is allowed in the criminal cases the District Court before which the accused was tried, or the District Judge of the district wherein he was tried, within his district, or the Circuit Justice assigned to this circuit, or any of the Circuit Judges within the circuit, shall have the power, after the citation has been duly served, to admit the accused to bail and to fix the amount of such bail."

The First, Second, Third, Fifth, Sixth, and Eighth circuits have similar rules. See, respectively, 150 F. p. xlvi; 285 F. p. xvi; 224 F. p. x; 159 F. p. lxxxv; 202 F. p. viii; 188 F. p. xxii. These rules, in substance, follow rule 36 promulgated by the Supreme Court in 1891. See 139 U. S. 701,

and also In re Claasen, 11 S. Ct. 735, 140 U. S. 200, 208, 35 L. Ed. 409.

[2] The power to grant bail is attended by the duty to hear applications therefor.

[3] As to supersedeas and bail after sentence. It is the purpose of the law—and many statutes, federal and state, have been enacted—to safeguard litigants so far as possible against erroneous judgments. Review in appellate courts is favored in all cases where the grounds on which it is claimed are assigned in good faith on advice of counsel that in law they are valid and well taken; and parties properly seeking review are not to be burdened by avoidable expense, loss, sacrifice or punishment. In cases of sentence to the penitentiary or to death, an order of supersedeas may be obtained as a matter of right and without giving security. R. S. § 1007 (Comp. St. § 1666); In re Claasen, supra, 11 S. Ct. 735, 140 U. S. 208; Hudson v. Parker, 15 S. Ct. 450, 156 U. S. 277, 283, 39 L. Ed. 424; McKnight v. United States, 113 F. 451, 452, 51 C. C. A. 285. The trial court allowed petitioners' writs of error and issued citations. It was not for that court, and it certainly did not assume, to pass upon the grounds on which review of the trial and of its judgment is sought.

[4] As to bail. The Eighth Amendment provides that "excessive bail shall not be required." This implies, and therefore safeguards, the right to give bail at least before trial. The purpose is to prevent the practical denial of bail by fixing the amount so unreasonably high that it cannot be given. The provision forbidding excessive bail would be futile if magistrates were left free to deny bail. The Ordinance of 1787 (U. S. Comp. St. 1918, p. 6) declares that:

"All persons shall be bailable, unless for capital offenses, where the proof shall be evident, or the presumption great." Article 2.

Chief Justice Mason of the Supreme Court of Iowa, in Hight v. United States, Morris 407, 409, 43 Am. Dec. 111, 112, said:

"This is no new provision, but is in express terms incorporated into the constitutions of at least one-half of the states of the Union and is the rule of action in all the rest. It is merely declaratory of the common law of the United States." See Re Thomas, 93 P. 980, 20 Okl. 167, 39 L. R. A. (N. S.) 752, and note; page 65, Index Digest of State Constitutions (prepared for New York Constitutional Convention Commission, 1915).

Section 1015 of the Revised Statutes (Comp. St. § 1679) provides:

"Bail shall be admitted upon all arrests

in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders."

By the preceding section (section 1014, being Comp. St. § 1674), the officers so authorized are enumerated. The number empowered upon arrests to take bail indicates a purpose that bail may conveniently be given, and that it shall not be arbitrarily denied. And see R. S. § 1016 (Comp. St. § 1680).

Petitioners argue that, as the language of the Constitution and statutes is general, bail is a matter of right after conviction pending review, as well as before trial. But the courts have drawn a distinction.

In Hudson v. Parker, supra, Mr. Justice Gray, speaking for the court, said (15 S. Ct. 453, 156 U. S. 285):

"The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error. * * * [15 S. Ct. 454, 156 U. S. 287.] But, however it may be in a capital case, it is quite clear, in view of all the legislation on the subject of bail, that Congress must have intended that under the act of 1891 [Act of March 3, 1891, c. 517, § 5, 26 Stat. 826, 827], in cases of crimes not capital and therefore bailable of right before conviction, bail might be taken, upon writ or error, by order of the proper court, justice, or judge. * * * Having the authority to order bail to be taken, the same justice might either himself approve the bail bond; or he might order that such a bond should be taken in an amount fixed by him, the form of the bond and the sufficiency of the sureties to be passed upon by the court whose judgment was to be reviewed, or by a judge of that court; or he might leave the whole matter of bail to be dealt with by such court or judge."

McKnight v. United States, supra, was heard by Circuit Judges Lurton (afterwards Mr. Justice Lurton of the Supreme Court), Day (afterwards Mr. Justice Day of the Supreme Court), and Severens. It was there held that a writ of error under section 1007, in a case not capital, stays execution, but that the granting of the writ does not involve the question whether the convicted defendant shall be detained or go on bail. It was also held that the court has

power, and that it is generally its duty, to admit to bail after conviction for a crime not capital pending a writ of error. The opinion was written by Judge Lurton. It contains the following (page 453):

"Detention pending the writ is only for the purpose of securing the attendance of the convicted person after the determination of his proceedings in error. If this can or will be done by requiring bail, there is no excuse for refusing or denying such relief."

After citing and quoting from Hudson v. Parker, the opinion continues:

"The fact that bail has been refused by the trial judge, though not conclusive, is a fact which would make it more seemly, in the absence of some great urgency, that further application should be made to the appellate court which, by virtue of its appellate jurisdiction, may properly be called upon to make all proper orders for the custody of the defendant pending the hearing of his writ of error. We quite agree with the counsel for the government, that all presumption of innocence is gone after conviction, and that proceedings resorted to for the mere purpose of delay should be discouraged. We do not, however, deem it wise, or in harmony with the humane principles of our law, that proceedings to review alleged error committed upon the trial of a defendant should be so far discouraged as to altogether deny the right to bail in that class of cases deemed bailable before conviction. That it should be made the interest of defendants, after conviction, to speed the hearing in the appellate court, we quite agree, and all unnecessary delays, due to the conduct of the defendant seeking a review, may well be discouraged by allowing bail for a time only sufficient to insure the filing of the transcript in the Court of Appeals, reserving the question of further bail until lapse of the time thus fixed, when a new bond may be taken by the trial court on application to it, or by direction of the appellate court, for such time as the latter may prescribe. The District Court denied bail upon the ground that this was the third trial and third conviction upon the same indictment. We cannot regard this fact a sufficient ground for denying bail during the pending of a third writ of error."

In Rose v. Roberts, 99 F. 952, 40 C. C. A. 203, it is said:

"It is the right and privilege of a person deprived of his liberty to review to the extent permitted by law the legality of his detention, even when it is pursuant to the judgment or sentence of a court; and the exe-

cution of the sentence should be stayed pending the final determination, unless very exceptional circumstances justify the court in refusing to do so."

In Ex parte Harlan (C. C.) 180 F. 119, the District Judge held that there is no constitutional right to bail after conviction; it being properly granted or denied as best effects justice, determined in the light of the common law as affected by acts of Congress. In the course of the opinion, it is said (page 135):

"It is due to social order and proper regard for the majesty of the law, that a sentence, especially when affirmed by an appellate court, should be executed without undue delay, and courts should be careful not to give countenance to factious resistance to the orderly operation of the law by lightly admitting a convicted prisoner to bail. On the other hand, it is also to be borne in mind that the law is quick to afford opportunity and means to the citizens to redress wrongs at its hands, and delighting as it does, in the liberty of the citizen, will not, except in rare instances, compel the prisoner to undergo sentence before the final court has spoken, when he is honestly pursuing legal means to avoid a conviction."

United States v. St. John, 254 F. 794, 166 C. C. A. 240, was an application by one convicted of a violation of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10514a–10514d) to Circuit Judge Evans in the Seventh Circuit for bail pending proceedings in error. It was held that, under rule 34 (now rule 32), it is discretionary for the court or judge to accept bail after conviction and sentence. It was also held that, where the granting of bail is opposed by the government, and no bill of exceptions has been settled, the application should first be made to the trial judge. Applicant said that it had been impossible to prepare a bill of exceptions within three and a half months after sentence or to get it ready for settlement. In the course of the opinion, it is said (254 F. 798, 166 C. C. A. 244):

"There is danger lurking in the too liberal exercise of the power to admit to bail as well as in the arbitrary refusal to grant bail. Too frequently, after the defendant has been admitted to bail, his interest apparently lags, the appeal drags, the bill of exceptions is not promptly settled, and the record does not reach the appellate court as promptly as it should. There are inexcusable delays in securing the printing of the transcript—

more delays in printing and serving the briefs.

"The present rules of the Circuit Court of Appeals invite a very early disposition of any appeal or writ of error prosecuted in good faith and with vigor. There are three annual sessions of the court—October, January, and April. Causes may be advanced or set down specially. Writs may be heard without the testimony being printed. The clerk is able to print transcripts of great length in less than a week, while any brief of reasonable length will be printed in a day. Orders may be obtained dispensing with the printing of exhibits. In a word, the rules and the practice of the court combine to accomplish the purpose of assisting the litigants to an early disposition of their cases. Court reporters are obtainable who will provide daily transcripts of testimony, and bills of exceptions can be presented almost on the day the verdict is received.

"Frequently the delays in these cases are due to the desire of the parties to avoid a hearing rather than to any other cause. In the present case, no application for bail has been made to the judge who tried the case since the assignment of errors has been filed. The offenses of which this defendant and others have been found guilty are serious and menacing to the public. Defendant has been tried and presumably lawfully convicted. The interest of the public demands the execution of the sentence unless some special reasons be shown for defendant's enlargement."

In Garvey v. United States (C. C. A.) 292 F. 591, there was an application to a Circuit Judge for bail after conviction, pending review on writ of error. In the course of the opinion, it is said (page 593):

"The theory of the purpose of bail pending appeal is not different than that given before conviction; it is to insure the presence of the accused when wanted to answer the charge, and to make amends to society by service of the imprisonment imposed. It of course insures the innocent against the injustice of any imprisonment in the event of an eventual acquittal of the charge. * * * What ought to be weighed for or against him is the prospect of success in prosecuting his writ of error. * * * No reasonable doubt exists as to the rulings of the court below, as now presented—at least such as would at this time call for the exercise of a sound discretion to admit to bail."

The application was denied. See Bernacco v. United States (C. C. A.) 299 F. 787.

The United States cites and relies upon the recommendation to District Judges by the conference of the Senior Circuit Judges, held in June, 1925, upon the call of the Chief Justice of the United States, under the Act of September 14, 1922 (42 Stat. 838 [Comp. St. Ann. Supp. 1923, § 1113a]):

"B. The right to bail before conviction is secured by the Constitution to those charged with violation of the criminal laws of the United States. The right to bail after conviction by a court or a judge of first instance or an intermediate court or a judge thereof is not a matter of constitutional right. The acts of Congress make provision for allowance of bail after conviction by courts and judges to release the convicted defendant upon the exercise of their judicial discretion, having in mind the purpose of the federal statutes not to subject to punishment any one until he has been finally adjudged guilty in the court of last resort. But the judicial discretion of the federal courts and judges in granting or withholding bail after conviction should be exercised to discourage review sought, not with hope of new trial, but on frivolous grounds merely for delay. Application for bail should be made to the trial judge in the first instance."

That statement will be taken as a guide in this case. It will be observed that the character of the crime charged or probable guilt or innocence is not suggested as having any bearing. The statement shows that trial and conviction according to law should precede punishment. It reflects the purpose of the federal statutes and the rules of court above cited, that no one shall be required to suffer imprisonment for crime before the determination of his case in the court of last resort. And it adopts the substance of the rule laid down by the Supreme Court in Hudson v. Parker.

It cannot be doubted that, where one convicted seeks a review in a higher court, and is advised by reputable counsel, acting in good faith in the proper discharge of professional duties, that in law there are valid grounds on which reversal may be expected, judicial discretion should be exercised to enable him to have his case determined speedily and without the infliction of punishment in advance of final judgment against him. The admonition of the Senior Circuit Judges applies only to cases where *"a review is sought not with the hope of a new trial, but on frivolous grounds merely for delay."* And it is not suggested that, where the trial judge has denied bail, his actions should be

the guide to be followed by the Circuit Judges or the Circuit Justice. Obviously, it is the duty of each judge to whom application is made to exercise his own judgment in view of all the circumstances, including the denial, if any, of earlier applications.

[5] Every reasonable effort should be made to avoid delay, and appeals on frivolous grounds should be dealt with summarily. Courts and judges may do much to discourage them by appropriate exercise of their discretion in "granting or withholding" bail, as suggested by the conference of Senior Circuit Judges. Lest injury to government and injustice to litigants result from rulings made with the intention of advancing order and public welfare, such discretion should be exercised within established lines. The proper exercise of judicial discretion is never arbitrary, fanciful, or capricious; it is deliberate and governed by reason and the law applicable to the cases under consideration. Abhorrence, however great, of persistent and menacing crime will not excuse transgression in the courts of the legal rights of the worst offenders. The granting or withholding of bail is not a matter of mere grace or favor. If these writs of error were taken merely for delay, bail should be refused; but, if taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, then petitioners should be admitted to bail.

In order to determine whether review is sought on frivolous grounds merely for delay, consideration has been given to the character of the case, the trial, and the assignments of errors. Experience shows that such cases as this are difficult to try, and that, because of the character of the accusation and the number of defendants involved, prejudicial error is more likely to occur than in other cases. The conference of the Senior Circuit Judges, June, 1925, pointed out some of the dangers attending the use of the conspiracy statute, under which these petitioners were tried, together with many others. These experienced judges said:

"We note the prevalent use of conspiracy indictments for converting a joint misdemeanor into a felony, and we express our conviction that, both for this purpose and for the purpose, or at least with the effect, of bringing in much improper evidence, the conspiracy statute is being much abused.

"Although in a particular case there may be no preconcert of plan, excepting that necessarily inherent in mere joint action, it is difficult to exclude that situation from the

established definitions of conspiracy; yet the theory which permits us to call the aborted plan a greater offense than the completed crime supposes a serious and substantially continued group scheme for co-operative law breaking. We observe so many conspiracy prosecutions which do not have this substantial base that we fear the creation of a general impression, very harmful to law enforcement, that this method of prosecution is used arbitrarily and harshly. Further the rules of evidence in conspiracy cases make them most difficult to try without prejudice to an innocent defendant.

"We think it proper for us to bring this matter to the attention of the District Judges, with the request that they present it to the district attorneys, and for us to bring it also to the attention of the Attorney General, with the suggestion that he call it to the attention of the district attorneys, as in his judgment may be proper, and all to the end that this form of indictment be hereafter not adopted hastily but only after a careful conclusion that the public interest so requires, and to the end that transformations of a misdemeanor into a felony should not be thus accomplished, unless the propriety thereof clearly appears. We also think proper to bring the subject-matter to the attention of Congress, that it may consider whether any change of the law in this respect is advisable."

Thirty-nine persons were defendants, three pleaded guilty, nine were absent, and twenty-seven were put on trial together. The court dismissed the case as to one of them, the jury found three not guilty, and found twenty-three including petitioners guilty. The court granted a new trial as to one of those found guilty by the jury. The sentences imposed suggest that culpability varied widely. The sentences varied all the way between 2 years in the penitentiary and $5,000 fine to 30 days in jail.

[6] No bill of exceptions has been settled, and no transcript of the proceedings in respect of which errors are assigned has been furnished. If necessary or proper so to do, it would be quite impossible to decide whether the grounds on which review is sought are well taken. But the law does not require applicants for bail to show that they are entitled to a reversal. And it is not the duty of the judge hearing such application to pass upon the merits of the case. Here the applicants ground their petition for bail on good faith and the advice of counsel that the errors assigned are well founded in law. The attor-

neys for the United States earnestly contend that review is sought only for delay; but they have suggested no fact disclosed by the record or by any written submission or oral statement that tends to negative proper purpose of applicants or their counsel. It is not for the advantage of either side that there be discussed the law or the facts which are to be considered on the writs of error. The questions raised appear at least sufficiently substantial and doubtful to justify and require argument on the part of the United States. It does not appear that these applicants seek review, not with the hope of a new trial, but on frivolous grounds merely for delay.

[7] In opposition to the application, the attorneys for the United States earnestly emphasize the denial of bail by the trial judge and by two Circuit Judges. While these denials are to be considered thoughtfully, they do not relieve from the duty imposed by the statute to consider the applications in the light of all the circumstances, and by the just exercise of discretion to determine whether the ends of justice require that applicants should suffer imprisonment in the penitentiary pending the determination of their writs of error in the appellate court. There is nothing to indicate that their attendance cannot be secured by reasonable bail. No danger of flight is suggested. The applicants have caused no delay, and nothing appears to indicate any purpose not to proceed with diligence. Moreover, the granting of bail may be on such terms as to insure against the dangers adverted to in the opinion in the St. John Case, supra.

There seems to have been no unnecessary delay in the case. The indictment was found on the last day of October. Trial was commenced December 14, concluded December 18, and sentence was imposed December 30. A term of the Circuit Court of Appeals is held annually, beginning on the first Tuesday in October, and continues a year. During each term, there are three sessions for the hearing of causes, beginning on the first Tuesdays in October and January and the second Tuesday in April. Under the Act of February 13, 1925, c. 229, § 8 (c), 43 Stat. 936, 940 (Comp. St. Supp. 1925, § 1126b), defendants had three months within which to take out writs of error. The writs were allowed and citations issued and served on the day of the sentence. A rule of court requires the cause to be docketed on or before the return day. Calendars are prepared for the regular term and for each adjourned session. Cases in which the record has been printed

and briefs filed seven days before the beginning of the term or session are placed upon the calendar. The next session will commence April 13, 1926. It would seem that petitioners may have their cases heard at that session.

The petitioners will be admitted to bail. The order granting bail, to be filed herewith, will impose conditions calculated to prevent all inexcusable delays on the part of petitioners.