## UNITED STATES *v.* SIMMONS.

*(Circuit Court, S. D. New York. October 21, 1891.)*

BAIL PENDING APPEAL TO SUPREME COURT—NOT ALLOWED WHEN COURT IN SESSION.
Defendant was convicted of embezzlement, and sentenced to six years' imprisonment. He appealed to the supreme court, and an order was made admitting him to bail. Bail was not procured for four months, and, when it was finally offered, the supreme court was in session. *Held* that, since the confinement of a party is good cause for advancing his case on the supreme court docket, the bail should be refused until such an application has been made, as the public interest requires a speedy disposition of the cause.

At Law. Indictment for embezzlement. On application to be admitted to bail.

*Edward Mitchell*, U. S. Dist. Atty., and *John O. Mott*, Asst. U. S. Dist. Atty.

*Charles Donohue*, for defendant.

BENEDICT, J. The defendant in this case, having been convicted of aiding and abetting in an embezzlement of the funds of the Sixth National Bank, was, on June 26, 1891, sentenced to be imprisoned for a term of six years in the Erie county penitentiary. On the same day an order was made admitting him to bail in the sum of $50,000. There-

after he presented for acceptance as his bail Jacob B. Tallman and Cornelius H. Tallman. These persons were, on the 1st day of September, 1891, rejected by the court, because of the fact that they were indemnified against any loss by reason of their becoming bail for the defendant. Now, on this 18th day of October, 1891, the same persons are presented for acceptance as bail, each one having made affidavit that he has surrendered the agreement in regard to indemnification which he had, and is not now in any way indemnified against any loss he may sustain by reason of being bail for the defendant. These affidavits, not being contradicted, are sufficient to remove the objection heretofore taken to these persons as bail; but, notwithstanding this, it is my duty to decline at this time to accept these, or any other persons, as bail for the defendant, for this reason: The supreme court of the United States, before which court the defendant's appeal is now pending, is now in session, and the fact that the defendant is in confinement affords good ground for an application to that court to advance the defendant's case, and I do not doubt that such an application, if made, would be granted. In this way, an early decision of the case can be secured. The rules of the supreme court of the United States (rule 36) permit persons convicted, when they appeal to the supreme court of the United States, to be admitted to bail; but leave the question of admitting to bail to the discretion of the court below. It being, therefore, a matter of discretion, it is, in my opinion, a proper exercise of that discretion to refuse to accept bail in a case like this, where the defendant has been, since June last, under a sentence, to be imprisoned for a term of six years, and no sufficient bail has been presented until this late day, when, as it must be assumed, a decision on his appeal can be secured at an early day. At the circuit, bail tendered when the trial is about to proceed has often been declined, and, as it seems to me, the public interest requires that a person, who upon a trial has been convicted of crime, and is under a sentence, the execution of which is stayed by his appeal to the supreme court of the United States, should not be discharged on bail when the supreme court is in session, and it lies within his power to procure a speedy decision upon the appeal which he has taken to the court.

For these reasons, the bail now presented are not accepted, but leave is given to the defendant again to present them for acceptance, upon showing that an application to the supreme court to advance his case has been made by him, and refused by the court.