UNITED STATES v. GIBSON et al.

(District Court, S. D. Georgia, W. D. May 16, 1911.)

1. COURTS (§ 356*)—APPEAL—SUPERSEDEAS—DISCRETION OF COURT.

It is within the discretion of the United States court in the trial of a criminal case to grant or refuse a supersedeas, when informed by counsel for a convicted person that he purposed to sue out a writ of error or take an appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

2. COURTS (§ 353*)—NEW TRIAL—PRACTICE IN FEDERAL COURT.

It is within the discretion of the United States judge in a criminal case to refuse a new trial, though under the state practice of Georgia he would have been obliged to entertain the motion therefor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 933; Dec. Dig. § 353.*]

3. COURTS (§ 356*)—APPEAL—REVIEW—DISCRETION OF TRIAL COURT.

The discretion of the United States judge as to the grant of a new trial in a criminal case is not reviewable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

John P. Gibson and others were convicted of burglary of a post office. Petition for appeal and supersedeas. Application for supersedeas denied.

Alexander Akerman, Asst. U. S. Atty.
W. D. McNeil, for defendants.

SPEER, District Judge (orally). [1] I am very much obliged to Mr. McNeil for his thorough examination of the authorities on this

important question of practice. His examination confirms the impression of the court, and that is that it would be difficult to find any obligatory rule that the United States court should grant a supersedeas when informed by counsel for convicted persons that he purposed to sue out a writ of error or take an appeal. The authorities all sustain the proposition that the matter is one entirely in the discretion of the trial court. Nor is it true that there are no precedents where the courts have refused a supersedeas. In one of the greatest. and perhaps the most tragic case ever tried in this court, that of conspiracy and murder on the part of Luther A. Hall, Lancaster, and others, the victim being Capt. John Forsyth, a supersedeas was refused after the court had given counsel some time in which to prepare for an appeal. It was complained that the court, did not give the prisoners a chance to bid their families good-bye. It was remarked by some one that the prisoners did not give Capt. Forsyth, the murdered man, a chance to tell his family good-bye.

The section of the Code of Georgia which has been cited is one of the fruitful causes of delays in the administration of criminal justice in Georgia. That and perhaps the provision known as the "dumb act," which prevents the court from stating what has been proven, even though it may not be in the slightest dispute, from intimating an opinion as to the facts, whether they are in dispute or not, are perhaps of all others the most fruitful reasons why the condition of our state is so lamentable in so far as the criminal laws are involved, and perhaps explains why every year there are many more murders in the state of Georgia, with its less than 3,000,000 population, than there are in Great Britain and Ireland with more than 45,000,000 population.

[2, 3] Now, these men, in the opinion of the court, are clearly guilty. Notwithstanding the very able efforts of Mr. McNeil to acquit them, the jury did not hesitate to find them guilty. The court declined promptly, when the question was presented, to grant the motion for new trial. That is in the discretion of the United States judge. Under the state practice he would have been obliged to entertain the motion for new trial. It is otherwise here, nor is that discretion reviewable. The prisoners are confined in the jail here, none too secure, perhaps; there have been escapes from it. They are professional criminals in the opinion of the court, of the most skillful and desperate character—safe blowers and determined burglars. In its experience the court has never seen a tougher lot. I regret that the talented young kinsman of the presiding judge did not have a better chance for a defense of innocent men. I am very sure that I was proud of his efforts, and proud that we are descended from the same revolutionary sire. Even though I was generally obliged to rule against him, when I observed his original and vigorous exertions, my emotions are not unlike those of Mrs. Whackles, who had determined to turn down Mr. Richard Swiveller, who, as we are told in the "Old Curiosity Shop," was suing for the hand of her daughter, Miss Sophie. Notwithstanding his jealous rage for his successful rival, Cheggs, Mr.

Swiveller danced with such skill and agility, and executed such remarkable evolutions on the floor and in the air, that Mrs. Whackles felt after all that it might be a great honor to have such a dancer in the family.

For the reasons stated, I shall have to decline the application for supersedeas. These peripatetic burglars will be much more comfortable in the United States penitentiary in Atlanta than in the jail here, where the accommodations were not originally designed for gentlemen so eminent in their profession. Also more comfortable will be the community. In that great prison Mr. McNeil's clients will have every possible sanitary attention, and all reasonable luxuries. Their food will be most appetizing, indeed, more nourishing than that they could obtain in any hotel in Georgia. Besides, they would be serving their terms, and will get credit for every day they will continue to reside there.

Let order be taken accordingly.