ROSSI et al. v. UNITED STATES
(two cases).

NOTARY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
February 17, 1926.)

Nos. 7333–7335.

1. Bail ⬤�150⟶42—Grant or refusal of application for bail rests in discretion of judges, as applicant has no absolute right to bail.

An applicant has no absolute right to bail, but grant or refusal of application for bail rests in discretion of judge, to be exercised in accordance with established rules of law and controlling decisions.

2. Bail ⬤�150⟶49—That application for bail has been denied does not deprive judge, to whom subsequent application is made, of power, or relieve him of duty to exercise his own discretion.

The fact that an application for bail had been made to, and denied by, District Judge does not deprive judge to whom accused makes subsequent application of his judicial power, or relieve him of his imperative duty to exercise his own discretion in deciding whether application shall be granted.

3. Bail ⬤�150⟶44—Persons convicted of violation of national laws are entitled, during pendency of writs of error, to exercise of fair discretion of judges on application for bail (Const. Amend. 8; Comp. St. §§ 1674, 1679, 1680; rule 35 of Circuit Court of Appeals).

Under Const. Amend. 8, Comp. St. §§ 1674, 1679, 1680, and rule 35 of Circuit Court of Appeals, persons convicted of violation of national laws are, during pendency of their writs of error, entitled to exercise of fair, judicial discretion of judges to whom they apply for bail, and in ordinary cases should not be compelled to serve parts of sentences until after conviction is affirmed.

4. Bail ⬤�150⟶44—Bail should be allowed where writs of error were not sued out merely for delay, and petitioners would have served about two-thirds of sentence before case could be heard on appeal.

Where writs of error were not sued out merely for delay, and petitioners for allowance of bail were not likely to commit similar offenses during pendency of writ of error, and, if not admitted to bail, petitioners would be confined for about two-thirds of terms before cases could be heard by appellate court, *held* that bail should be allowed.

Separate petitions by Mike Rossi and others and by Tony Notary and another for the allowance of bail. Petitions granted.

Philip Hornbein and Theodore Epstein, both of Denver, Colo., for petitioners in Nos. 7333 and 7334.

S. Harrison White and Charles T. Mahoney, both of Denver, Colo., for petitioners in No. 7335.

R. H. Blackman, Asst. U. S. Dist. Atty. of Denver, Colo.

Before SANBORN, LEWIS, and KENYON, Circuit Judges.

SANBORN, Circuit Judge. Counsel for the plaintiffs in error in these cases, on notice to the United States District Attorney, presented petitions for the allowance of bail to them. The district attorney answered the petitions, bills of exceptions containing the evidence at the trials were introduced and considered, and counsel for the respective parties presented arguments.

The District Judge for the District of Colorado who tried these cases had granted to each of the petitioners a writ of error from this court, each of them had applied to him for bail during the pendency of the writs of error, and he had denied them.

The record discloses these facts: In case No. 7334 the petitioners were tried and found guilty of a violation of a temporary injunction issued pursuant to section 22, tit. 2, 41 Stat. 314 (Compiled Statutes, Annotated Supplement 1923, § 10138½k), against their maintenance of a certain roadhouse near Denver, where intoxicating liquors were alleged to have been manufactured, sold, kept, and bartered by them, and the District Judge on January 7, 1926, had sentenced Manlio Rossi and Caroline Rossi to confinement in jail for one year from that day, and to pay a fine of $1,000 each, and had sentenced Eugene Rossi to confinement in jail for eight months from January 7, 1926, and to pay a fine of $1,000. In case No. 7333 the same petitioners were tried and convicted of maintaining the same roadhouse in violation of section 21, tit. 2, of the National Prohibition Act, 41 Stat. 314 (Comp. St. Ann. Supp. 1923, § 10138½jj), and the District Judge therefor sentenced Mike Rossi to confinement in jail for one year from January 14, 1926, and to pay a fine of $1,000, Caroline Rossi to confinement in jail for one year from January 14, 1926, and to pay a fine of $1,000, and Eugene Rossi to confinement in jail for one year from the 14th day of January, 1926, and to pay a fine of $1,000.

In No. 7335, the petitioners, Tony Notary and Nick Morrato, were tried and convicted of a like offense, and the District Judge sentenced Tony Notary to be confined in jail for eleven months from and after December 28, 1925, and to pay a fine of $500, and Nick Morrato to confinement in jail for eight months from and after December 28, 1925, and to pay a fine of $500.

The next term of this Court of Appeals, at which these cases can be heard and decided in their regular order, under the statutes

and the rules of this court, is in September, 1926, so that, if the appellate court should reverse the judgments against the defendants for error, they will have been confined in 'jail at least eight and probably nine or ten months, about three-fourths of the respective terms of their sentences of imprisonment, and, if they should be found innocent upon a second trial, they would have unjustly suffered this confinement.

The Eighth Amendment to the Constitution of the United States provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The statutes of the United States (Complied Statutes, §§ 1674, 1679, 1680, and rule 35 of this Court of Appeals) confer the power and impose the duty upon "the District Judge of the district wherein he was tried, within the district, or the Circuit Justice assigned to the circuit, or either of the Circuit Judges within the circuit," on the proper application of one accused or convicted of a crime in a federal court, to admit him to bail at any time before his conviction has been affirmed by the appellate court or his time to sue out a writ of error has expired.

[1] In the orderly and convenient administration of justice, such an application should first be made, as in the case at bar it has been made, to the District Judge who tried the case. The applicant has no absolute right to bail. The grant or refusal of his application rests in the discretion of the judge, not in his personal preference or desire, but in his sound, fair, judicial discretion, governed and exercised in accordance with the established rules of law and the controlling decisions and practice of the federal courts upon this subject. Nor may such a judge lawfully renounce his judicial power or unduly delay or fail to exercise his authority to hear, and with reasonable promptness to grant or deny such an application. While the petitioner has no absolute right to bail, he has the right to the exercise by the judge with reasonable speed of his just and fair, judicial discretion in the hearing and disposition of his application.

[2] Nor does the fact that such an application has been made to and denied by the District Judge, while that fact may and should be thoughtfully considered by a judge to whom the accused makes a subsequent application for the same relief, deprive the latter judge of his judicial power or relieve him of his imperative duty to exercise his own impartial, judicial discretion in accordance with the laws, the controlling decisions and practice of the courts in deciding whether or not the application to him shall be granted. Bernacco and Costelli v. United States (C. C. A.) 299 F. 787, 788.

The purpose of taking bail is to secure the presence of the accused or convicted person and his service of his sentence after that sentence has been finally affirmed by the appellate court, or, where no writ of error has been taken, when his sentence has become final in the trial court.

There are rare cases in which bail may properly be denied, such as: (1) Where the character and circumstances surrounding the accused or convicted person and the gravity of his offense are such that he would probably forfeit his bail and escape if he were allowed it; (2) where the record proves beyond a reasonable doubt that the errors assigned by the person convicted are frivolous, and that his writ of error is taken merely for delay. We must all, however, bear in mind that we are unavoidably inclined to think our decisions and rulings are right, and a trial judge should exercise extreme caution in denying bail on this ground in a case which he has himself tried; and (3) where the crime of which the prisoner is accused or convicted is murder or some other very atrocious offense and there is serious danger that if he is admitted to bail he will commit another offense of like character before his case can be heard and decided by the appellate court. Cases of this character, however, are rare, and accused and convicted persons under ordinary circumstances and in the vast majority of cases should be admitted to bail, both before their conviction and during the pendency of their writs of error until the appellate court has affirmed the judgments against them.

We are aware that there is some diversity of views among the courts upon the subject of the admission of convicted persons to bail during the pendency of their writs of error, and that it has been thought that defendants should not be admitted to bail after conviction and during the pendency of their writs of error because before conviction they were presumed to be innocent, while after conviction they were presumed to be guilty. United States v. St. John, 254 F. 794, 166 C. C. A. 240; Garvey v. United States (C. C. A.) 292 F. 591. But one who suffers imprisonment after conviction and during the pendency of his writ of errors suffers the same injustice if his case is reversed and he is acquitted that one who is denied bail before his trial and is subsequently acquitted endures, and it was to prevent just such imprisonment

that the acts of Congress and the rules of court allowing bail were adopted. In view of this fact this difference in the situation of the two classes of defendants does not seem to us a sound reason for depriving convicted persons of bail during the pendency of their writs of error.

The basic principle which underlies and ought to govern the allowance of bail both before and after trial is the same, and it has been stated by the Supreme Court in these words: "The statutes of the United States have been framed upon the theory, that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo * * * punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error." Hudson v. Parker, 15 S. Ct. 450, 453, 156 U. S. 277, 285 (39 L. Ed. 424).

Section 1679 of the Compiled Statutes reads: "Bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders."

In McKnight v. United States, 113 F. 451, 453, 454, 51 C. C. A. 285, the plaintiff in error had been convicted at the close of his third trial of embezzlement of funds of a national bank. After a writ of error was allowed and citation was served, he applied to the trial judge for bail pending his writ of error, and that judge denied his application on the ground that the judgment was on the third trial and the third conviction upon the same indictment. He then applied to the Circuit Court of Appeals of the Sixth Circuit and his application was heard by Judges Lurton, Day, and Severens, who admitted him to bail. In the course of the opinion in that case the court said: "Detention pending the writ is only for the purpose of securing the attendance of the convicted person after the determination of his proceedings in error. If this can or will be done by requiring bail, there is no excuse for refusing or denying such relief. This seems to be the view taken of the thing and policy of the statute of the United States; for in Hudson v. Parker, cited above, the court said," and then quoted the excerpt from the opinion of the Supreme Court in that case which has already been recited.

In Rose ex rel. Carter v. Roberts, 99 F. 952, 40 C. C. A. 203, the Circuit Court of Appeals of the Second Circuit said: "It is

the right and privilege of a person deprived of his liberty to review to the extent permitted by law the legality of his detention, even when it is pursuant to the judgment or sentence of a court; and the execution of the sentence should be stayed pending the final determination, unless very exceptional circumstances justify the court in refusing to do so."

In Ex parte Harlan (C. C.) 180 F. 119, 135, Judge Jones well states the fundamental rule in these words: "It is due to social order and proper regard for the majesty of the law, that a sentence, especially when affirmed by an appellate court, should be executed without undue delay, and courts should be careful not to give countenance to factious resistance to the orderly operation of the law by lightly admitting a convicted prisoner to bail. On the other hand, it is also to be borne in mind that the law is quick to afford opportunity and means to the citizens to redress wrongs at its hands, and delighting as it does, in the liberty of the citizen, will not, except in rare instances, compel the prisoner to undergo sentence before the final court has spoken, when he is honestly pursuing legal means to avoid a conviction."

We have read, examined, and considered other authorities, among them United States v. Simmons (C. C.) 47 F. 723, 14 L. R. A. 78; United States v. Devlin, 25 Fed. Cas. 843, No. 14,955; Lee's Case, 15 Fed. Cas. 136, No. 8,180; In re Claasen, 11 S. Ct. 735, 140 U. S. 200, 208, 35 L. Ed. 409; United States v. Rice (C. C.) 192 F. 720; Hardesty v. United States, 184 F. 269, 106 C. C. A. 411; United States v. Gibson (D. C.) 188 F. 396.

[3] And our conclusion is that under the Constitution and statutes of the United States and the opinions of the Supreme Court persons convicted of violation of the national laws are during the pendency of their writs of error entitled to the exercise of the fair, judicial discretion of the judges to whom they apply for bail in deciding their applications, and that in ordinary cases they should not be absolutely compelled to serve parts of their sentences or to be confined in prison until after their conviction is affirmed by the appellate court. Hudson v. Parker, 15 S. Ct. 450, 156 U. S. 277, 285, 39 L. Ed. 424; McKnight v. United States, 113 F. 451, 452, 453, 51 C. C. A. 285; Rose ex rel. Carter v. Roberts, 99 F. 952, 40 C. C. A. 199; United States v. Louis (C. C.) 149 F. 277, 279; Ex parte Harlan (C. C.) 180 F. 119, 135, 136, 137.

[4] In the cases in hand an examination of

the records of the trials of the petitioners and of their assignments of error fails to satisfy us beyond a reasonable doubt that the questions of law which they present to the Court of Appeals are frivolous or that their writs of error were sued out merely for delay. Inquiry has satisfied that the petitioners are not likely to commit similar offenses to those for which they have been convicted before the appellate court will be able to decide their cases; that the character, situation, and circumstances of the petitioners are such that they are able to give bonds, which probably will secure their presence and the service of their sentences if those sentences are affirmed; that, if they are not admitted to bail, they will be confined in jail for about two-thirds of the terms of their sentences before their cases can be heard and decided by the appellate court; and that, in case their sentences are reversed and they are not again convicted, they will unjustly suffer this imprisonment for eight or nine months. The sentences imposed by the trial court in these cases with one or two exceptions were the most severe permitted for their offenses by the acts of Congress. The power is conferred and the duty is imposed upon us to determine whether, before the appellate court determines whether their sentences are lawful or erroneous, they shall serve eight or nine months in jail when, if their sentences shall be reversed and they shall not be prosecuted further or shall be acquitted in a subsequent trial, that imprisonment would be unjust and unfair.

In our opinion it is our duty to admit the petitioners to bail under these circumstances, upon their giving suitable bonds in amounts specified in our orders, and it is so ordered.