## LEWIS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 21, 1926.)

### No. 7464.

**1. Criminal law ☞1023(13).**

Ordinarily writ of error does not lie, based on court's action in passing on motion for new trial.

**2. Bail ☞49—Denial of bail on writ of error held proper, where motion for new trial for mental irresponsibility supported only by affidavits in nature of conclusions.**

Denial of bail *held* proper on writ of error to review denial of defendant's motion for new trial after sentence on plea of guilty on ground of mental irresponsibility, where motion was not supported by alienist's affidavit, and affidavits submitted were in nature of conclusions.

**3. Bail ☞49.**

Refusal of bail by trial court is not controlling, where application is presented to Judge of Circuit Court of Appeals.

In Error to the District Court of the United States for the Southern District of Iowa.

Simon Lewis was convicted under an indictment charging him with a third offense of unlawfully transporting intoxicating liquor for beverage purposes, and the District Court allowed a writ of error but denied bail. On application for supersedeas and bail. Bail denied.

Glenn D. Kelly, of Davenport, Iowa, for plaintiff in error.

Ross R. Mowry, U. S. Atty., of Newton, Iowa.

Before KENYON, Circuit Judge, sitting alone.

KENYON, Circuit Judge. Plaintiff in error presents an application for supersedeas and bail. In the United States District Court for the Southern District of Iowa, plaintiff in error pleaded guilty to count 1 of an indictment charging him with a third offense of unlawfully transporting intoxicating liquor for beverage purposes. Count 2 of the indictment was nolled.

At all stages of the proceedings he was represented by counsel. He was sentenced to sixteen months' imprisonment in the penitentiary at Leavenworth, Kan. After the sentence, new counsel seems to have been secured, and April 13, 1926, a motion for new trial was filed which attacked the indictment and alleged the mental irresponsibility of defendant at the time of the commission of the acts upon which the indictment was based. Affidavits of some of plaintiff in error's friends were filed in which certain peculiarities of plaintiff in error are pointed out, and the opinion is expressed by some of the affiants that he was mentally incompetent and had been for five years, which would cover the time during which the acts complained of took place. The District Court allowed a writ of error, but denied bail.

[1, 2] The question to be presented to the appellate court is the action of the trial court in overruling the motion for new trial. No application was made to withdraw the plea of guilty. Ordinarily a writ of error does not lie based on the court's action in passing on a motion for new trial, although circumstances may be imagined where such action of the court might be error reviewable by the appellate court. This court, in Rossi v. United States (C. C. A.) 11 F.(2d) 264, has indicated the procedure to be followed in granting bail, and the law applicable thereto. Justice Butler of the Supreme Court of the United States in United States v. Motlow (C. C. A.) 10 F.(2d) 657, has carefully considered the question of granting bail. In the Rossi Case, supra, this court said:

"There are rare cases in which bail may properly be denied, such as: * * * (2) Where the record proves beyond a reasonable doubt that the errors assigned by the person convicted are frivolous, and that his writ of error is taken merely for delay."

[3] The only question to be considered here under this authority is: Are the errors assigned frivolous, and, is the appeal merely taken for delay? If this were a debatable question it would be the duty of a judge to grant bail. I have examined the affidavits with care, and am satisfied that they are totally insufficient to show any mental irresponsibility of plaintiff in error or to raise any serious question thereof. No alienist examined the plaintiff in error, and, there is no affidavit from any alienist. The affidavits are in the nature of conclusions based on certain peculiar acts of plaintiff in error. He was represented by counsel at the time he pleaded guilty. Questions seem to have been asked him by the court as to whether he fully understood and appreciated what he was doing. The trial judge had the opportunity of observing him. He was satisfied evidently as to his mental condition, or he would not have sentenced him to the penitentiary. The question raised as to the indictment is in no way preserved for attention in the appellate court. While the action of the trial judge in refusing bail is not controlling where application is presented to a judge of this court, it is a matter to be thoughtfully considered.

Under the circumstances disclosed by this record, I am satisfied bail should be denied.