## UNITED STATES v. GLAZER.

### No. 27125(2).

United States District Court
E. D. Missouri, E. D.

Dec. 24, 1952.

George L. Robertson, U. S. Atty., Marvin C. Hopper, Asst. U. S. Atty. and Ted. A. Bollinger, Asst. U. S. Atty., all of St. Louis, Mo., for plaintiff.

Morris A. Shenker, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Defendant made an unsuccessful oral application for bail at time motion for new trial was overruled, following a conviction for income tax evasion on two counts. The sentence was a year and a day and a fine of $10,000 on Count One and a fine of $10,000 on Count Two. The following motion is now for ruling:

"The defendant renews his application for bail and calls the Court's attention to Rossi v. United States, 8 Cir., 11 F.2d 264, 265."

The motion for new trial contained seventy-one assignments of error. By oral argument and brief only five of the complaints were submitted to this court.

The motion for new trial was overruled December 12, 1952, 110 F.Supp. 558. On the same day defendant filed with the Clerk his election "to commence service of the sentence imposed."

█ A motion was filed asking for suspension of sentence. In substance it relates: "Tax liens were filed against the defendant in the amount of $679,293.72";[1] that "The fair value of all of the defendant's assets in cash, bonds, real estate, evidence of indebtedness, stocks , etc." levied upon, turned over by defendant, or on which tax liens have been filed, "to satisfy the claims is of the approximate amount of $500,000.00." The motion concludes:

"b. Defendant has been advised that even though the claims of the United States Government may be excessive, that he may not expect to receive any of the funds that were turned over by him to the United States Government as the final claim will still be in excess of all of his assets.

"c. It would be to the best interests of the United States Government for defendant to remain at large and to continue his business, the earnings of which will be used to meet the claims of the United States Government."

Rossi v. United States, supra, was decided in 1926. The holding of that decision—

"Cases of this character, however, are rare, and accused and convicted persons under ordinary circumstances and in the vast majority of cases should be admitted to bail, both before their conviction and during the pendency of their writs of error until the appellate court has affirmed the judgments against them."

has been affected in our opinion by Rule 46 (a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.:

"Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. * * *"

Prior to the adoption of the new criminal rules, the Eighth Circuit Court of Appeals, in Bernacco v. United States, 299 F. 787, 788, declared:

"The court is clear that the allowance to bail after conviction is not an absolute right, but entirely within the exercise of sound judicial discretion. This was true at common law."

Rule 42(a) (2) became the law in May, 1934. In United States v. Delaney, D.C., 8 F.Supp. 224, 227, the impact of the new rule is stated:

"The shift from the use of 'frivolous' to 'substantial' would seem to be another indication of the still shifting

---

1. The conviction was for failure to report income for years 1945 and 1946. In-   comes for prior years are also made the basis for claims of civil liability.

emphasis. It apparently transfers the burden from the government to the defendant. That has always been the law in England."

In United States v. Burgman, D.C., 89 F.Supp. 288, 289, the law is stated:

"* * * two requisites must be met in order to justify the enlargement of a defendant on bail pending appeal. First, it must appear that the case involves a substantial question of law. Second, it must appear that the case is one in which, in the discretion of the Court, it is proper to grant bail.

\* \* \* \* \* \*

"When a defendant is convicted, the presumption of innocence vanishes and a heavy presumption of guilt supplants it."

This Circuit held, in Baker v. United States, 1944, 139 F.2d 721, 722:

"A man who has been found guilty in District Court and sentenced has no absolute right to bail pending appeal; he has a right only to apply for bail".

The inquiry must now be—is there any substantial question raised by defendant which should be determined by the appellate court, and, in the court's discretion is this a proper case in which to grant bail?

■ It can and has been argued that for this Judge to pass on whether or not there is a substantial question presented on defendant's motion for a new trial which should be presented to the appellate court, is to arrogate to himself the prerogatives of the Judges of the latter court. This can and must be true in a sense. But if the assertion of the conclusion is to be the determinative factor in granting bail, then Rule 46(a) (2) means nothing. Its force is equally spent if, when a motion for bail is presented, the Judge permits himself to be deterred from following the spirit and wording of the rule by the charge that to deny bail is to predetermine the action of the Court of Appeals. We think the Supreme Court meant to place a responsibility on the trial court when it promulgated Rule 46(a) (2). Therefore it is the duty of

the court to give its best efforts to meeting the responsibility. Defendant has his right to go to the Court of Appeals on the question of bail, without waiting for a hearing on the merits. If our judgment be error, the error can be corrected forthwith. A trial Judge should not arbitrarily deny bail on appeal and force all appealing defendants to go to the higher court for a decision on bail. Each case should receive the Judge's conscientious attention and best judgment. We have been on the bench of this court over nine years and during that time we have denied bail in three cases, including this one. We say without boast, but as some indication of the norm of consideration given to such matters, that in the other two cases the sentences were affirmed.

Defendant's oral motion for bail, as well as the written motion, were accompanied by no reference to any assignment of error. Defendant apparently is of the belief he is entitled to bail merely by applying for it. We have of our own motion gone back to the points presented in the motion for new trial and have re-examined them.

■ Are new or novel points raised in the motion for new trial? Are unique facts presented not covered by the controlling opinions? Are important questions concerning the scope and meaning of decisions of the Supreme Court presented? Is there a showing of denial of a fair trial? Such are matters to be considered, with the burden on defendant. D'Aquino v. United States, 9 Cir., 180 F.2d 271.

■ Defendant's main assignment goes to the question of the sufficiency of the evidence to make a submissible case. The defendant for 1945 and 1946 kept no books or records, or if any were kept he refused to make then available to the Revenue agents investigating defendant's tax returns. On request the defendant did produce some, but not all, of his cancelled checks on one bank. Neither defendant nor his auditor would furnish defendant's cancelled checks on another bank during the investigation. *He refused to furnish a net worth statement.* This left the plain-

tiff with no alternative but to use "such method as in the opinion of the Commissioner does clearly reflect the income" of defendant. 26 U.S.C.A. § 41. They used the expenditures and net worth method. This method raises no new question. The same complaint defendant now makes has been made on many occasions. We recognize the law to be that a definite starting period must be fixed. The starting period does not have to be fixed "to a mathematical certainty." Schuermann v. United States, 8 Cir., 174 F.2d 397, 399. On a motion hearing defendant's attorney conceded the amount of assets was fixed definitely and correctly when the examination was made by Government agents. It was a simple matter to determine the assets acquired after December 31, 1944. The reasonable inference deducible from the evidence is that defendant's unreported income was from transactions in violation of the law. Leeby v. United States, 8 Cir., 192 F.2d 331. There is a basis in such testimony, not only for the source of income, but for intent to conceal such income from the Government. United States v. Skidmore, 7 Cir., 123 F.2d 604. Failure to keep records, keeping cash in safe deposit boxes, defendant's method of transacting his private business affairs, were obviously calculated not only to conceal their magnitude but to thwart successful investigation by others, and is further evidence of willful attempt to evade income tax. United States v. Chapman, 7 Cir., 168 F.2d 997. An atmosphere of secrecy and defiance has hovered over the defendant's case since its inception. We find that attitude in the refusal of the defendant to cooperate with the examiners of the Revenue Department, particularly after counsel and auditors for defendant came into the investigation. Not only has defendant refused to cooperate, but on every occasion when asked for an explanation on decisive matters, he has remained mute. This course of conduct continued up to and including the trial. Defendant did not take the stand. (It was present when defendant refused to let Government agents examine currency bills of large denominations which defendant had in his safe deposit box. The serial number was wanted to trace black market transactions from the east. It was present when defendant caused the examiners to receive a typed, unsigned statement that defendant would furnish certain cancelled checks, but thereafter failed to do so.) [2] After defendant employed attorneys they were given a list of various cash deposits, exchange items, checks, etc., for explanation. None of these were ever explained, despite repeated requests for information. Such conduct is compatible with fraud, inconsistent with innocence, and furnishes a necessary element of proof for a conviction on the expenditures and net worth method, under the statute on which the indictment was based. Jelaza v. United States, 4 Cir., 179 F.2d 202. There is nothing new or novel in defendant's complaint on this record. The facts are not unique. They represent a plan not uncommon and found in many cases of those who would cheat the Government on their lawful obligations. We think defendant had a fair trial. His guilt was established by circumstantial but strong evidence.

Defendant's attorney made the following statement in his oral argument for probation:

"That all of his years of labor, work and accumulation have been used up in satisfying the Government's claim; and not only that, but that in all probability there will be a substantial deficiency, in addition to the assets which have been used, and that it will be some years, even if he is successful earning any money, in attempting to satisfy these claims that the United States Government is claiming that they are owing, with the interest accumulating, it would be almost impossible, even if he were to earn more money than he is, for him to accumulate enough money to keep current.

\* \* \* \* \* \*

2. This was developed on the hearing for bail and is not in the trial record.

"Mr. Hopper: Since the jeopardy assessment in the latter part of 1948, the defendant has paid approximately $250,000.00 on the total assets taxes, which originally approximated, with interest, I think around eight hundred fifty some odd thousand dollars. So that would bring the balance that we have suggested of about $600,000.00 now due and owing, including interest. As to just what the defendant's assets are for the liquidating of stock—

"The Court: Over what period was the tax of $300,000.00?

"Mr. Hopper: That was for the period, 1942 through 1951.

"Mr. Shenker: No, no. 1942 to 1947." [3]

### Order

Defendant's motion for bail is overruled, because it has not been made to appear that the case involves a substantial question which should be determined by the appellate court, or that in the court's discretion defendant should be admitted to bail pending appeal.

3. On defendant's showing that all his assets are under government control, we made the fines collectible on execution.