**Louis M. JOHNSON and James F. Robinson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1954.

Ernest R. Utley, Alden F. Houck, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Harry D. Steward, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

GOODMAN, District Judge.

Even though the order denying bail to appellant James F. Robinson pending his appeal from the conviction below is without dissent, nevertheless, *Judge Fee and I agree* that there is need for a brief statement concerning the proper standards to be applied in determining applications under Rule 46(a) (2) Fed.Rules Crim.Proc., 18 U.S.C.A. There it is provided that "bail may be allowed pending appeal * * * *only* if it appears that the case involves a substantial question which should be determined by the appellate court." (Emphasis supplied.)

During the fiscal year 1953, 10 applications for bail on appeal were filed in this court. In each case applications for bail to the District Court had been denied. Of these applications, 9 were granted by this court and 1 was denied. Of the 9 cases, in which bail was granted, the judgments in five were affirmed; two of the appeals were dismissed on stipulation; one appeal was abandoned and dismissed, and 1 of the 9 is still pending.

For the fiscal year 1954, 22 applications for bail on appeal were made after denial by the District Court; 11 were granted and 11 were denied. For the first four months of the fiscal year 1955, four applications were filed after denial by the District Court; three were granted and one denied. The 1954 and 1955 cases are as yet undetermined.

Thus, in the last 28 months, of 36 applications for bail made to this court, after denial of bail by the District Court, 23 were granted.[1] It would therefore appear to be reasonable to examine the basis upon which 64% of District Court decisions denying bail were, in effect reversed by this court.

■■ It is important to keep in mind that Rule 46(a) (2) is not a mandate for the general allowance of bail on appeal. The Rule is restrictive in its language. It provides for the allowance of bail pending appeal *only* when it appears that there is a substantial question in the case which should be determined by the Appellate Court. The burden necessarily rests upon the appellant to show not only that there is a substantial question involved but *also* that it *should* be determined in the particular case. That the lower court committed some error in ruling upon the admission of evidence or in instructions to the jury, is not sufficient. Few cases, if any, are clothed in the pristine and virginal habilaments, of which the theorist dreams. The only material question is: As against the whole case, do the alleged errors or mistakes present a question of such substance as needs decision by the reviewing court?

■ It seems to me that this cannot be demonstrated to the Appellate Court by affidavits of opposing counsel, setting forth excerpts from the record, either in narrative form or by quotation. For the reviewing court cannot upon such a basis relate the incidents complained of to the whole case. I believe therefore that, subject to reasonable exceptions in proper cases,[2] applications for bail on appeal should not be determined by the Appellate Court except with the whole record before it. In determining bail on appeal the District Court has the whole record before it; no less substantial a standard should apply in appellate review.

■ It is not because the whole record was *not* before us in this case that bail has been denied. The absence of a substantial appellate question here was manifest on the showing made.

JAMES ALGER FEE, Circuit Judge (concurring).

The above opinion presents a reasonable approach. When a defendant has been convicted by a jury in a criminal case, public interest outweighs all other considerations. The presumption of innocence has vanished. Just criticism is directed at the judicial system if a convicted defendant is allowed at large for long periods of time, even if eventually conviction is affirmed. Bail should not be allowed therefore unless reversal is fairly certain. Furthermore, the time of briefs and final hearing should be made positive whenever bail is granted by an appellate judge.

STEPHENS, Circuit Judge (concurring in the result, but dissenting from the views of his associates as to the consideration of petitions for bail).

I concur in the denial of the petition for bail in this case but respectfully and

---

1. In 1953 there were 70 criminal appeals docketed. In 1954 there were 99 and in the first four months of the fiscal year 1955, there were 30 docketings. Applications here for bail for these periods were 18% of docketing. Thus in 83% of criminal cases, the District Courts either granted bail, or appeals were taken without bail or the appeals involved cases where no judgment of imprisonment was imposed below.

2. There are cases that present questions of law, such as the statute of limitations, etc., or questions of fact upon which the whole case depends, which are appropriate for decision on bail, without the whole record.

emphatically disagree with Judge Goodman's statement and Judge Fee's addendum thereto.

In the instant case we tested the merits of the petition for bail on the legal question: Has petitioner-appellant shown us that his case involves a substantial question which should be determined by the appellate court? And we all agreed that he had not done so. Judge Goodman's statement is not an opinion as to issues in the matter before us, but at once is an expression of a policy which he deems to be the correct one and a protest against this court's practice as it sees its duty. I think the statistics he cites, like most statistics in their bare bones, do not reveal the verity and the beauty of truth that is theirs when shown in the living flesh of circumstance. Certainly, they grievously mislead in the matter at hand if they even slightly appear to indicate that this court has ever had in mind that Rule 46(a) (2) *is* a mandate for the general allowance of bail on appeal. The judges of this court, I think, have ever had in mind and have ever put to practice the fundamental concept that the law is over judges as well as over all others and that the law as to bail prescribes that certain offenses are bailable both before and after trial and conviction. Our judicial discretion, in the consideration of a petition for bail, is not at large either to grant or deny bail freely but it is circumscribed by statutory law. We have no right whatever to erect barriers to its reasonable application. To adopt the general rule that the whole record should be filed with us before we will consider a petition for bail would be to emasculate the provided humanitarian law as it exists.

True, the public does have an interest in all criminal proceedings, but delay in their finality is not generally due to the bail system. Appellate procedure is too cumbersome but the remedy is not in cutting into human rights. After all is said and done, the unjust deprivation, for a single hour of one man's liberty, creates a debt that can never be repaid.