**UNITED STATES of America**

v.

**Emmitt R. WARRING.**

**No. 22886.**

United States District Court, D. Maryland, Criminal Division.

Dec. 23, 1954.

**525**

George Cochran Doub, U. S. Atty., James H. Langrall, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Charles E. Ford, Washington, D. C., G. C. A. Anderson, Anderson, Barnes & Coe, James S. Morrow, Jr., Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant has been convicted after a trial by a jury for attempted evasion of income taxes in a large amount for the year 1947. After sentence was imposed the defendant has noted an appeal and has made a motion for release on bail pending the appeal.

The applicable rule of criminal procedure is rule 46(a) (2), 18 U.S.C., which reads:

"Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. Bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice. The court or the judge or justice allowing bail may at any time revoke the order admitting the defendant to bail."

The question presented by the motion is whether "it appears that the case involves a substantial question". In this connection counsel for the defendant states that there are three particular questions to be relied upon on the appeal. They are (1) the overruling by the court of the motion to dismiss the indictment on jurisdictional grounds for several reasons and particularly in that the defendant is and was a resident of the District of Columbia and should not have been indicted in the District of Maryland, especially as there were no residents of the City of Washington includable among the Grand Jury of the District of Maryland; (2) that the court overruled the defendant's motion prior to trial to transfer the case for trial from the District of Maryland to the District of Columbia, and (3) that the government's evidence in the case was not sufficient to warrant a conviction.

█ I do not think there is a substantial question presented by either of the first two points. See United States v. Warring, D.C.Md., 121 F.Supp. 546. The defendant's petition for mandamus to require this court to transfer the case to the District of Columbia was denied by the Court of Appeals for this Fourth Circuit. By the opinions of the Court of Appeals I think it has been established that this court had jurisdiction to try the case and that there was no error in overruling the defendant's motion to transfer the case.

█ There remains for consideration whether the defendant's contention at the trial that there was no evidence legally sufficient to submit the case to the jury constitutes a substantial question in the case on appeal. The applicable rule with regard to bail pending appeal does not define what constitutes a substantial question for appellate review, and I do not know of any judicial definition thereof by the Supreme Court. There are, however, one or two reported cases in which consideration has been given to the subject upon application to a circuit justice and it appears in at least one case the existence of a substantial question on appeal does exist where the contentions are not frivolous and may be said to be "debatable". See D'Aquino v. United States, 9 Cir., 180 F.2d 271, opinion by Mr. Justice Douglas. See also opinion of Mr. Justice Jackson in Williamson v. United States, 2 Cir., 184 F.2d 280, and for comparison of the present rule with the former practice in granting bail pending appeal, see United States v. Glaser, D.C.E.D. Mo., 14 F.R.D. 86, and Rossi v. United States, 8 Cir., 1926, 11 F.2d 264; also Barron & Holtzoff (1951 Rules Ed.) Vol. 4, p. 413.

In this case I think it can be said that the defendant's contention as to the legal sufficiency of the government's evidence is not frivolous and possibly may be considered fairly debatable. The nature of the case is that the government's evidence as to true taxable income, found by the jury to have been much in excess of the defendant's reported income, was based principally on what is called the (1) increase in net worth computation and (2) the cash disbursement method. The increase in net worth method is not novel in application in these income tax cases under title 26, § 145(b) of the Revenue Act in this and other federal courts and has recently been very thoroughly considered, and approved in proper cases, by the Supreme Court of the United States in several opinions, particularly Holland v. United States, 348 U.S. 121, 75 S.Ct. 127. This is the first similar case tried in this court since those opinions. The nature of the case on the evidence and the basis for consideration thereof by the jury were outlined and explained and the jury instructed with regard thereto in a very full charge which I gave to the jury in the case, and which has been transcribed by the court reporter and will be or has already been filed by the court reporter with the transcript of the case.

█ The question as to allowance of bail pending appeal must be decided by the trial judge on the facts and circumstances of each particular case. This case differs somewhat from probably the majority of income tax cases based on the increase in net worth method of determining income in that practically all the evidence as to the sufficiency of the computations appears from the government's evidence with no substantial contradiction of amounts as to the controlling items from the testimony offered on behalf of the defendant, who did not himself testify in the case. That his failure to so testify created no presumption against him was explicitly stated to the jury in the charge. If the case had depended upon determination by the jury of a conflict in the evidence as to material and controlling facts of the case, I would not have thought there existed a substantial question for review; but where the defense is based

on the alleged insufficiency of the government's evidence for submission to the jury, the question presented is rather one of law than of fact. It will be found, however, from the charge in this case that the jury were required to pass upon the credibility of witnesses in the case and the jury were fully instructed that they should find a verdict of not guilty unless they determined on the whole of the evidence in the case, including of course their appraisal of the credibility of witnesses, that the defendant had wilfully understated his income for the purpose of evading taxes.

■ Whether the appeal presents a substantial question is frequently a difficult one for the trial judge to decide. The applicable rule clearly states that bail shall not be granted save only where there is a substantial question. The trial judge, of course, wishes to observe both the letter and spirit of the rule in the public interest and not to grant bail unless the question to be presented on appeal is fairly debatable. One natural and human difficulty that the trial judge has in such a case is to treat the matter as wholly objectively as is possible and not to be unduly influenced in his determination by any subjective considerations. After an important point in the case has been carefully considered by the judge and a conclusion reached it may often be more difficult for him to envision the reasonable probability of error than before the decision was made. However, it should be borne in mind that the determination of whether to grant or refuse bail pending appeal is quite a different question. legally from that posed by the original decision, and the determination that there is a substantial question does not properly imply that the judge who grants the bail in such a case personally remains in doubt as to the question involved.

■ On the whole I conclude that it may be fairly said that there is a substantial question here for the determination of the appellate court and therefore, exercising as best I can sound judicial discretion on the precise point involved, the defendant may be admitted to bail pending the appeal, in the amount of $10,000, with surety to be approved by the clerk of the court in due course.

It may also be noted in connection with the subject that at the time of imposing sentence counsel for the defendant represented to the court that the defendant was no longer engaged in gambling activities since the passage of the recent federal statute imposing a required license tax of $50 per year upon that activity and a further tax of 10% of the profits, as a result of which it was said that the defendant's gambling activities ceased to be profitable; and also it was represented by his counsel that some time ago the government had made a jeopardy assessment for claimed deficiencies in taxes and had seized $160,000 of defendant's money or assets which were held pending the determination of civil liabilities for alleged deficiency in taxes.

The applicable rule also provides "the court or the judge or justice allowing bail may at any time revoke the order admitting defendant to bail". In accordance therewith the government may move for revocation of the bail if at any time hereafter it appears that the defendant is not diligently prosecuting the appeal by the required proceedings to have the record transmitted in due time to the Court of Appeals.

It is accordingly ordered this 23 day of December, 1954, that the defendant in this case shall be admitted to bail pending appeal upon giving security therefor to be approved by the clerk of the court in the amount of $10,000.